[No. 28149-6-I. Division One. July 6, 1992.]

WHATCOM COUNTY, ET AL, *Respondents,* v. TAXPAYERS
OF THE WHATCOM COUNTY SOLID WASTE
DISPOSAL DISTRICT, ET AL,
*Appellants.*

*Rolf G. Beckhusen, Jr.,* pro se.

*David S. McEachran, Prosecuting Attorney,* and *Randall J. Watts, Deputy; Elizabeth Thomas* and *Preston Thorgrimson Shidler Gates & Ellis,* for respondents.

KENNEDY, J. — Appellants, Taxpayers of the Whatcom County Solid Waste Disposal District (Taxpayers), appeal the trial court's order of summary judgment in favor of respondents, Whatcom County, Washington and the Whatcom County Solid Waste Disposal District (the District). The court validated a tax imposed on the transfer of refuse to haulers of solid waste at a rate of 10 percent of the charges for solid waste collection service. The Taxpayers assert that the statute and ordinances authorizing the tax are unconstitutional. We affirm.

I

RCW 36.58.100[1] authorizes the legislative authority of any county with a population of less than 1 million to estab-

---

[1]RCW 36.58.100 provides in full:

"The legislative authority of any county with a population of less than one million is authorized to establish one or more solid waste disposal districts within the county for the purpose of providing and funding solid waste disposal services. No solid waste disposal district may include any area within the corporate limits of a city or town unless the city or town governing body adopts a resolution approving inclusion of the area within its limits. The county legislative authority may modify the boundaries of the solid waste disposal district by the same procedure used to establish the district. A solid waste disposal district may be dissolved by the county legislative authority after holding a hearing as provided in RCW 36.58.110.

"As used in RCW 36.58.100 through 36.58.150 the term 'county' includes all counties other than a county with a population of one million or more.

lish one or more solid waste disposal districts "for the purpose of providing and funding solid waste disposal services." The solid waste disposal districts are designated to be quasi-municipal corporations and independent taxing authorities within the meaning of article 7, section 1 and taxing districts within the meaning of article 7, section 2 of the Washington State Constitution.[2] RCW 36.58.100. RCW 36.58.100 also provides that the District

> shall constitute a body corporate and shall possess all the usual powers of a corporation for public purposes as well as all other powers that may now or hereafter be specifically conferred by statute: . . ..

In RCW 36.58.140,[3] the Legislature delegated the power to the District to

> levy and collect an excise tax on the privilege of living in or operating a business in a solid waste disposal taxing district sufficient to fund its solid waste disposal activities: . . . The

---

"A solid waste disposal district is a quasi-municipal corporation, an independent taxing 'authority' within the meaning of Article VII, section 1 of the state Constitution, and a 'taxing district' within the meaning of Article VII, section 2 of the state Constitution.

"A solid waste disposal district shall constitute a body corporation and shall possess all the usual powers of a corporation for public purposes as well as all other powers that may now or hereafter be specifically conferred by statute: PROVIDED, That a solid waste disposal district shall not have the power of eminent domain.

"The county legislative authority shall be the governing body of a solid waste disposal district. The electors of a solid waste disposal district shall be all registered voters residing within the district."

[2] Article 7, section 1, provides that property taxes must be uniform and that they must be levied and collected for public purposes only. Article 7, section 2, provides that the aggregate of all property tax levies are not to exceed 1 percent of the true and fair value of the property.

[3] RCW 36.58.140 provides in full:
"A solid waste disposal district may levy and collect an excise tax on the privilege of living in or operating a business in a solid waste disposal taxing district sufficient to fund its solid waste disposal activities: *Provided,* That any property which is producing commercial garbage shall be exempt if the owner is providing regular collection and disposal. The excise tax shall be billed and collected at times and in the manner fixed and determined by the solid waste disposal district. Penalties for failure to pay the tax on time may be provided for. A solid waste disposal district shall have a lien for delinquent taxes and

excise tax shall be billed and collected at times and in the manner fixed and determined by the solid waste disposal district.

Pursuant to these provisions, the Whatcom County Council adopted ordinance 90-1, in January 1990, to implement conclusions drawn from years of analyzing the problems posed by solid waste. Ordinance 90-1 created the Whatcom County Solid Waste Disposal District (the District), a quasi-municipal corporation. Ordinance 90-1 provides that the District possesses the power to impose taxes and may impose an excise tax of up to 10 percent on solid waste haulers' invoices to customers in Whatcom County. For administrative convenience, solid waste haulers bill and collect the tax in tandem with an existing state excise tax on refuse collection. The haulers then remit the taxes to the Whatcom County Treasurer.

In March 1990, the Whatcom County Council adopted ordinance 90-9, to implement ordinance 90-1. Ordinance 90-9 levies a solid waste excise tax at a rate of 10 percent on

the charges billed by certified or franchised haulers of solid waste to any residential, business or institutional customer for convenience center, collection, drop box or construction and demolition service provided within the District.

The tax is based on the privilege of living in or doing business in Whatcom County. The ordinance specifies that proceeds of the tax shall be used to pay for the construction and operation of a landfill, funding of recycling programs, and public education programs related to solid waste.

Due to public opposition and claims that the tax was unconstitutional, the County and District filed a declaratory judgment action to establish the validity of the tax. The Whatcom County Superior Court certified a defendant class

---

penalties, plus an interest rate equal to the interest rate for delinquent property taxes. The lien shall be attached to each parcel of property in the district that is occupied by the person so taxed and shall be superior to all other liens and encumbrances except liens for property taxes.

"The solid waste disposal district shall periodically certify the delinquencies to the county treasurer at which time the lien shall be attached. The lien shall be foreclosed in the same manner as the foreclosure of real property taxes."

comprised of all District taxpayers (Taxpayers). On May 18, 1990, the court granted summary judgment in favor of the District. The Taxpayers appeal to this court.

## II
### A. The District's Authority To Implement the Tax in Question

The Taxpayers first argue that, although the District has the constitutional authority to levy and collect an excise tax on the privilege of living in or operating a business in the District, the District has no express authority to implement a 10 percent per month tax on charges billed by solid waste haulers to residential, business and institutional customers in Whatcom County. The Taxpayers thus argue that the tax is invalid as it is not expressly authorized by the Legislature.

The Washington Constitution permits the Legislature to delegate the power to impose property and excise taxes to local governments for local purposes. Const. art. 7, § 9;[4] Const. art. 11, § 12;[5] *King Cy. v. Algona*, 101 Wn.2d 789, 791, 681 P.2d 1281 (1984). To levy a tax, however, a municipality must have *express* authority derived either from the constitution or the Legislature. *Algona*, 101 Wn.2d at 791; *see also Citizens for Financially Responsible Gov't v. Spokane*, 99 Wn.2d 339, 343, 662 P.2d 845 (1983) (stating that "[t]he general rule is municipalities possess, with respect to taxation, only such power as has been granted to

---

[4]Const. art. 7, § 9 provides:

"The legislature may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment, or by special taxation of property benefited. For all corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes and such taxes shall be uniform in respect to persons and property within the jurisdiction of the body levying the same."

[5]Const. art. 11, § 12 provides:

"The legislature shall have no power to impose taxes upon counties, cities, towns or other municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes, but may, by general laws, vest in the corporate authorities thereof, the power to assess and collect taxes for such purposes."

them by the constitution or the general laws of the state."). Moreover, "in case of doubt, taxing statutes are construed in favor of the taxpayer and against the taxing power." *Pacific First Fed. Sav. & Loan Ass'n v. Pierce Cy.*, 27 Wn.2d 347, 352, 178 P.2d 351 (1947); *see also Ivy Club Investors Ltd. Partnership v. Kennewick*, 40 Wn. App. 524, 528, 699 P.2d 782, *review denied*, 104 Wn.2d 1006 (1985).[6]

■ The District relies on RCW 36.58.140 as its authority for the imposition of a 10 percent tax per month on the charges billed by haulers of solid waste. Ordinance 90-9 provides that

> [t]here is hereby levied a solid waste excise privilege tax on the privilege of living in or doing business in Whatcom County, as authorized by . . . RCW 36.58.140, and pursuant to Ordinance 90-1.[7]

RCW 36.58.140 permits the District to "levy and collect an excise tax on the privilege of living in or operating a business in a solid waste disposal taxing district sufficient

---

[6]*See also* 16 E. McQuillin, *Municipal Corporations* § 44.05 (3d ed. 1984). McQuillin explains that:

"Municipal corporations have no inherent power of taxation. On the contrary, municipal corporations possess with respect to taxation only such power as has been granted to them by the constitution or the statutes. This is true particularly with reference to those political subdivisions of the state which do not have full municipal status but which are constituted for special purposes and with limited powers and functions. It has been frequently stated that, as the power to tax is a governmental function, exercise thereof by a municipal corporation must rest upon a constitutional or statutory grant of power clearly expressed. A grant of power of taxation to municipalities is not without limitation or restriction. Grants are usually so construed. And since the authority to levy taxes is an extraordinary one, it should never be left to implication unless it be a necessary implication. A municipality's powers of taxation are lawful only when exercised in strict conformity to the terms by which they are given. The grant relied upon should be evident and unmistakable, and, if there is a doubt as to the existence of the power, such doubt will be resolved against the municipality and in favor of the taxpayer." (Footnotes omitted.)

[7]*See also* ordinance 90-1, which provides that the purpose of forming the District "shall be to provide and fund solid waste disposal services, with such funding to provide a stable and reliable source of income for implementing the Plan, including, but not limited to, waste reduction and recycling, construction of transfer stations, and development, maintenance, operation, and closure of County-owned Landfills through the assessment of an excise privilege tax ("tax") as provided by RCW 36.58.140[.]"

to fund its solid waste disposal activities". The excise tax in question is based on the privilege of living in and generating waste in the District. Moreover, "levy" is defined as

> the formal and official action of a legislative body determining and declaring that a tax of a certain amount, or of a certain percentage on value, shall be imposed on persons and property subject thereto.

16 E. McQuillin, *Municipal Corporations* § 44.92 (3d ed. 1984). The 10 percent per month tax rate is a levy; it is a determination by the county council, a legislative body, of what is sufficient to fund the District's solid waste disposal activities as authorized by the Legislature. Thus, we hold that the District has express legislative authority to implement the tax in question.[8]

### B. Delegation

■■ The Taxpayers next argue that RCW 36.58.140 is an unconstitutional delegation of authority by the Legislature. The Taxpayers assert that the Legislature does not have the constitutional power to delegate the power to levy and collect taxes to a quasi-municipal corporation. The Taxpayers rely on article 11, section 12 of the Washington State Constitution which provides that:

> The legislature shall have no power to impose taxes upon counties, cities, towns or other municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes, *but may, by general laws, vest in the corporate authorities thereof, the power to assess and collect taxes for such purposes.*

(Italics ours.) It is undisputed that the District is a quasi-municipal corporation.[9]

---

[8]Compare *Algona*. In *Algona*, the court found that the City of Algona lacked express legislative authorization to assess a business and occupation tax against King County as the enabling statute on which Algona relied for authority for the tax contained no express authority to levy a tax on another municipality. *Algona*, 101 Wn.2d at 793. Here, the District has express legislative authority to "levy and collect an excise tax on the privilege of living in or operating a business" in the District. RCW 36.58.140.

[9]Although the county council levied this tax, arguably it did so in its role as the board of the District.

Statutes are presumed constitutional and a party challenging a statute has the burden of establishing its invalidity beyond a reasonable doubt, as well as rebutting the presumption that all legally necessary facts exist.

*High Tide Seafoods v. State*, 106 Wn.2d 695, 698, 725 P.2d 411 (1986). If possible, a statute should be interpreted to be constitutional. *High Tide Seafoods*, 106 Wn.2d at 698.

■ The Taxpayers' argument that the Legislature lacks the constitutional authority to delegate the power to levy and collect taxes to a quasi-municipal corporation is without merit. The constitution clearly permits the Legislature to delegate the power to "other municipal corporations" to assess and collect taxes. Const. art. 11, § 12. A quasi-municipal corporation is such an "other municipal corporation"; it is a corporation, created by the Legislature, that is a public agency endowed with the attributes of a municipality that may be necessary in the performance of a limited objective. 1 E. McQuillin, *Municipal Corporations* § 2.13 (3d ed. 1987).[10] As noted by McQuillin in section 3.02a;

[i]n most states at least, the legislature has power to authorize the formation of quasi-municipal districts, with designated powers such as the power to tax for their special purposes; . . .

■ Here, the Legislature, in RCW 36.58.100-.150, authorized the formation of a quasi-municipal corporation, the District, with the powers of an independent taxing authority and taxing district. RCW 36.58.100. The enabling legislation also granted the District "all the usual powers of a corporation for public purposes". RCW 36.58.100. Finally, the Legis-

---

[10]McQuillin defines a quasi-municipal corporation as follows: "As the term is used here, what is meant is a corporation created or authorized by the legislature that is merely a public agency endowed with such of the attributes of a municipality as may be necessary in the performance of its limited objective. In other words, a quasi-municipal corporation is a public agency created or authorized by the legislature to aid the state in, or to take charge of, some public or state work, other than community government, for the general welfare. 'Quasi-municipal' corporations are public in nature, but not, strictly speaking, municipal corporations. They are bodies that possess a limited number of corporate powers and which are low down in the scale or grade of corporate existence, and consist of various local government areas established to aid the administration of public functions." (Footnotes omitted.) McQuillin § 2.13.

lature conferred upon the District the power to "levy and collect an excise tax on the privilege of living in or operating a business" in the District. RCW 36.58.140.

██ The delegation to the District is constitutional as it falls within article 11, section 12 of the Washington State Constitution as a delegation of the power to assess and collect taxes to an "other municipal corporation". We therefore hold that RCW 36.58.140 is a proper delegation of taxing authority to a quasi-municipal corporation.

### C. Delegation of the Functions of Levying and Collecting the Excise Tax to Private Collectors

The Taxpayers also argue that the District board has illegally delegated the functions of levying[11] and collecting the excise tax to private collectors. The Taxpayers assert that RCW 36.58.140 permits only the District to levy and collect an excise tax and that the statute does not authorize the District to delegate these functions.

██ Counties may constitutionally delegate administrative and ministerial functions. *Roehl v. PUD 1*, 43 Wn.2d 214, 240, 261 P.2d 92 (1953) (stating that unless the enabling legislation provides otherwise, the performance of purely ministerial or administrative duties may be delegated). The collection of taxes is a ministerial function which may be delegated. *Opportunity Township v. Kingsland*, 194 Wash. 229, 238-39, 77 P.2d 793 (1938); *see also* E. McQuillin § 44.132 (stating that "[p]rivate persons, or specified groups of persons, may by statute be designated agents or trustees for the collection or custody of municipal taxes, particularly excise taxes.") (Footnote omitted.); E. McQuillin § 44.133 (stating that "[e]xcept where such duty is imposed upon and restricted to particular municipal officers, a municipal corporation, unless forbidden by statute or charter, may make a contract with any person to collect its taxes."). (Footnotes omitted.)

---

[11]See page 291 for the definition of levy. The function of *levying* the tax has not been delegated here. The function of *collecting* the tax has been delegated.

■ RCW 36.58.140 provides that the excise taxes "shall be billed and collected at times and in the manner fixed and determined by the solid waste disposal district." This provision confers discretion upon the District to determine how and in what manner the excise taxes shall be collected. Thus, we hold that the District properly exercised its discretion in delegating the ministerial function of collecting taxes to haulers of solid waste.

## D. Excise Tax

The Taxpayers next argue that the tax in question has more property and poll tax aspects than excise tax aspects because RCW 36.58.140 refers to properties and dwellings. As a property tax, the Taxpayers assert that this tax fails to meet the requirements of Const. art. 7, § 1 because it is not a uniform tax. The District claims that the tax is properly an excise tax as it is a tax upon the transfer of property.

■ In *High Tide Seafoods*, the court distinguished a property tax from an excise tax on the basis that a property tax is a tax on things tangible or intangible whereas an excise tax is a tax on the right to use or transfer things. 106 Wn.2d at 699.

> If a tax is imposed on the value of the property, it may be a property tax. If levied upon the privilege of doing business, it is an excise tax. A tax for the beneficial use of property as distinguished from a tax on property itself has long been established law.

(Citations omitted.) *High Tide Seafoods*, 106 Wn.2d at 699-700.[12]

■ The taxable event in the instant case is the transfer of refuse from a residential or commercial customer to a hauler of refuse; the tax is not imposed on the ownership of property. The tax bears no relation to the value of property, thus, the tax is not a property tax. Therefore, we hold that the tax is properly characterized as an excise tax.[13]

---

[12]In *High Tide Seafoods*, the court held that a tax on the transfer of fish from fisherman to fish purchaser was properly characterized as an excise tax. 106 Wn.2d at 700.

[13]The tax in question is also not a poll tax as it is not a tax against the person. *See* E. McQuillin § 44.189.

### E. Uniformity

 The Taxpayers next assert that the tax violates their constitutional right to uniform taxation. The Washington Constitution mandates that "taxes are to be uniformly applied to the same class of property, Const. art. 7, § 1 (amend. 14), so that the burdens of taxation are uniformly distributed." *Cosro, Inc. v. Liquor Control Bd.*, 107 Wn.2d 754, 761, 733 P.2d 539 (1987). This constitutional requirement of uniformity, however, applies only to property taxes; this requirement does not apply to excise taxes. *Cosro,* 107 Wn.2d at 761. Because we have determined that the tax is an excise tax, we hold that article 7, section 1 does not apply.

### F. Equal Protection

The Taxpayers' final argument is that the tax violates the equal protection clause because RCW 36.58.140 exempts from the tax "any property which is producing commercial garbage . . . if the owner is providing regular collection and disposal." Because residential customers do not have a similar exemption,[14] the Taxpayers argue that the tax violates the equal protection clause.

 The United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. 14, § 1. Similarly, the Washington State Constitution provides that

> [n]o law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations.

Const. art. 1, § 12. Equal protection analysis varies with the level of judicial scrutiny to be employed. *Cosro,* 107 Wn.2d at 759. Because neither fundamental rights nor a suspect classification is involved, the relationship between the tax and municipal purposes is subject only to minimal judicial scrutiny. *Cosro,* 107 Wn.2d at 759-60. "Under the minimal

---

[14]In its brief, the District states that, under ordinance 90-96, Whatcom County residents can apply for an exemption from the tax. Ordinance 90-96, however, is not in the record for this appeal.

scrutiny analysis, a statute is presumed constitutional and the party challenging it has a heavy burden of proof." *Cosro*, 107 Wn.2d at 760.

To establish a violation of the equal protection clause, "a party must first establish that the challenged act treats unequally two similarly situated classes of people." *Cosro*, 107 Wn.2d at 760. The tax is imposed upon all residents who use a refuse collection service. Only those residents who qualify for an exemption by disposing of their refuse in an approved manner are exempted from the tax. Thus, all residents who use a refuse collection service will be subject to the tax. Therefore, we hold that RCW 36.58.140 treats equally similarly situated classes of people.

The Taxpayers also argue that the tax violates the equal protection clause because the level of the tax is not rationally related to the costs of solid waste disposal activities. The record reflects that the projected annual costs for the District's solid waste activities range between $1.8 million and $3.7 million from 1990 through 1994. The 10 percent excise tax is expected to generate $1 million to $1.3 million annually. These estimates are based on detailed information about the nature and cost of the District's solid waste activities and on the collection charges upon which the tax would be based. Thus, we hold that setting the tax at 10 percent bears a rational relationship to the District's solid waste costs.

Accordingly, we affirm the trial court's determination that the tax here imposed is valid.

FORREST and AGID, JJ., concur.

Reconsideration denied August 18, 1992.