[No. 23790. Department Two. August 10, 1932.]

SHAW SUPPLY COMPANY, INC., *Appellant,* v. KING COUNTY, *Respondent.*[1]

[1]Reported in 13 P. (2d) 472.

*Hayden, Merritt, Summers & Bucey,* for appellant.

*Robert M. Burgunder, Arthur M. Hare,* and *David J. Williams,* for respondent.

MAIN, J.—This action was brought to recover from King county the reasonable value of certain supplies or equipment sold and delivered by the plaintiff for use in the Harborview Hospital, located in the city of Seattle. To the complaint, a demurrer was interposed on the ground that no claim had been presented to the board of county commissioners, and this demurrer was sustained. The plaintiff elected to stand upon its complaint, and refused to plead further. Judgment was entered dismissing the action, from which it appeals.

The appellant, Shaw Supply Company, is a corporation organized under the laws of this state, with its principal place of business in the city of Seattle. During the year 1931, and on or about, respectively, the dates of April 13th and May 14th, it sold and delivered, for use in the hospital, the items of personal property mentioned in the complaint, which were of the aggregate value of $382.50. The items not having been paid for, the appellant presented a claim therefor to the board of trustees of the Harborview Hospital, but did not present a claim to the board of county commissioners.

The question presented upon this appeal is. whether the presentation of a claim to the board of county commissioners is a condition precedent to the right to maintain the action. If it is, the demurrer was properly sustained; and, on the other hand, if presentation of a claim to the board of trustees of the hospital was a sufficient compliance with the statute, the demurrer was improperly sustained.

Section 4056, Rem. Comp. Stat., in part, provides that the boards of county commissioners in the various

counties of this state are authorized and required to allow all accounts legally chargeable against the county "not otherwise provided for, . . . ;" and,

"6. To have the care of the county property and the management of the county funds and business, . . ."

Section 4077 provides:

"That all claims for damages against any county must be presented before the county commissioners of such county and filed with the clerk thereof within sixty days after the time when such claim for damages accrued. . . . No action shall be maintained for any claim for damages until the same has been presented to the board of county commissioners and sixty days have elapsed after such presentation."

█ It has been the uniform holding of this court that all claims against the county, other than those specially excepted, such as cost bills, fees of the official reporter and the expenses of a judge called to hold court in a county other than his election, must be presented to the board of county commissioners for allowance or rejection before an action can be maintained thereon. A large number of the cases supporting this view are assembled in the case of *Old National Bank v. Lewis County*, 137 Wash. 436, 242 Pac. 961, and need not be repeated here. As to what the rule may be as to cities, we are not here concerned, because we are dealing purely with the county claim statute. From what has been said, it would appear that the presentation of a claim by the appellant to the board of county commissioners was a necessary, precedent condition to the right to maintain the action unless the claim statute, above mentioned, has been abrogated by subsequent legislation.

In 1925 (Laws of 1925, Ex. Ses., chap. 174, p. 483; Rem. 1927 Sup., § 6090-1) the legislature passed an act, as appears by its title, providing for the establish-

ment, maintenance and operation of hospitals for the care of persons suffering from general diseases, by counties and counties and cities. In the body of this act there was covered largely the matter of acquiring a site for a hospital, construction of the building and the raising of sufficient money to cover the cost thereof.

In 1931 (Laws of 1931, chap. 139, p. 423) the legislature passed an act which, as indicated by its title, relates to and regulates the maintenance and operation of hospitals for the care of persons suffering from disease, illness or infirmity, by counties and counties and cities jointly. The body of this act is largely devoted to covering, as indicated by the title, the maintenance and operation of the hospitals constructed under the previous act. The latter act provides that the board of county commissioners shall appoint a board of trustees who shall have charge of the maintenance and operation of the hospitals. There are certain provisions in the act with reference to counties or a county and city joining in the construction of a hospital; but with these we are not here concerned, as the hospital in question was constructed by King county.

In § 6 of the act of 1931, it is provided that all expenditures made for and on behalf of the hospital shall "be made from the county treasury of the county in which the hospital or institution is located, . . ." and further, that ·

"Warrants for such expenditures shall be drawn by the county . . ., as required by the board, upon vouchers approved by the board, or the secretary of the board under such regulations as the board may prescribe, and shall be paid from the treasury upon which the same are drawn."

Section 7 provides that the board of trustees appointed by the board of county commissioners shall

"(1) Have general supervision and care of such hospitals and institutions and the buildings and grounds thereof and power to do all and everything necessary to the proper maintenance thereof within the limits of the appropriations authorized."

There is in this act no provision covering the matter of the presentation of a claim as a condition precedent to the action when recovery is sought upon a liability created by the board of trustees of the hospital. Neither is there in the act any provision which is irreconcilable with the provisions of the claim act, above mentioned. There being no express repeal of that act and there being nothing in the act of 1931 which is irreconcilable with it, it remains the law.

In *White v. North Yakima,* 87 Wash. 191, 151 Pac. 645, it was said:

"To work a repeal by implication, the later statute must be irreconcilable with the provisions of the former act. *Leavenworth v. Billings,* 26 Wash. 1, 66 Pac. 107; *Mathews v. Wagner,* 49 Wash. 54, 94 Pac. 759. It must also appear that the subsequent statute covers the whole subject-matter of the former one and was intended to take its place. *Hewitt-Lea Lumber Co. v. Chesley,* 68 Wash. 53, 122 Pac. 993."

While the legislature in § 4056 provided that the county commissioners were authorized and required to allow all accounts legally chargeable against the county not otherwise provided for, and the act of 1931 authorized the board of trustees of the hospital to approve vouchers for expenditures by them upon which warrants shall be drawn, it does not follow that, even though warrants for expenditures by the board of trustees of the hospital shall be drawn upon vouchers approved by that board, when a dispute arises, it is not necessary to present a claim to the board of county commissioners.

Whether the presentation of a claim to the

board of county commissioners would be an idle ceremony is not of controlling importance. The statute requiring claims to be presented to that board declares a rule of policy, and the courts are not at liberty to ignore it, even though they might be persuaded in a particular case that it was a useless ceremony. In *Old National Bank v. Lewis County,* 137 Wash. 436, 242 Pac. 961, *supra,* after making certain observations with reference to the statute requiring claims to be presented to the board of county commissioners, it is said:

"But more than this, the statute declares a rule of policy, and, it having so declared, the courts are not at liberty to ignore it, however much they may be persuaded in the particular case that it is a useless ceremony."

The case of *Kiser v. Douglas County,* 70 Wash. 242, 126 Pac. 622, 41 L. R. A. (N. S.) 1066, Ann. Cas. 1914B 721, merely held that, in an equitable action to restrain the county from interfering with or diverting the flow of springs claimed by the plaintiff, it was not necessary to present a claim before an action could be maintained, and that case is of no controlling importance upon the question here presented. The appellant not having presented a. claim to the board of county commissioners, the trial court correctly sustained the demurrer to the complaint.

The judgment will be affirmed.

HOLCOMB, BEALS, and MILLARD, JJ., concur.

TOLMAN, C. J., dissents.