[No. 37895.   En Banc.   November 10, 1966.]

Lewis G. Nelson et al., *Appellants*, v. Forrest S. Dunkin, as *Administrator, et al., Defendants*, The County of Whatcom, *Respondent.*\*

*\*Reported in 419 P.2d 984.

R. F. *Atwood*, for appellants.

*Richard A. Nelle* and *Leslie A. Lee*, for respondent.

HILL, J.—We are here concerned with the sufficiency of a claim for personal injuries filed against Whatcom County.

August 26, 1963, Patricia Lee Green was driving a Volkswagen in an easterly direction along Grandview Road, a Whatcom County arterial. Riding with her were her son (4 years old) and Lewis Gordon Nelson (6 years old).

At an intersection with the J. J. Bell Road, there was a collision between the Volkswagen and a 1950 Ford automobile being driven in a northerly direction by Alice A. Dunkin.

The drivers were both killed, and the two boys in the Volkswagen were seriously injured.

A claim was filed against Whatcom County by Daniel A. Nelson, as guardian ad litem, for damages resulting from the injuries sustained by his son Lewis.

The claimed negligence of the county was its failure to replace a "YIELD Right-of-Way" sign facing northbound traffic on the J. J. Bell Road at its intersection with Grandview Road, after having been notified on August 23, 1963, that the sign had been knocked down.

The county rejected the claim, and an action was commenced thereon. On an application for summary judgment, the case against the county was dismissed because the claim filed did not meet the statutory requirements. Daniel A. Nelson, as guardian ad litem for Lewis Gordon Nelson, appeals, urging that there was a substantial compliance with the requirements of the statute.

The county-claims statute, RCW 36.45.020 (re-enacted in 1963), reads as follows:

All such claims for damages must locate and describe the defect which caused the injury, describe the injury, and contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a

period of six months immediately prior to the time the claim accrued and be sworn to by the claimant: *Provided,* That if the claimant is incapacitated from verifying and filing his claim for damages within the time prescribed, or if the claimant is a minor, . . . the claim may be verified and presented on behalf of the claimant by any relative or attorney or agent representing the injured person. . . .

There is no point to a lengthy recital of the details of the claim which was filed. It *located and described* the defect, which it alleged caused the injuries sustained by Lewis Gordon Nelson; *it described the injuries* in great detail, and it contained the *amount of the damages claimed* in detail. However, the requirement of

*a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim accrued* . . . . (Italics ours)

was not complied with, unless the statement

That the claimant and his son had been residents of the State of Alaska for a period of six months immediately preceding this accident

can be said to be a substantial compliance with the statute.

There was absolutely no attempt to state the actual residence of the claimant at the time the claim was presented and filed; the only effort to meet the further requirement of a statement of the actual residence for 6 months prior to the time the claim accrued was the above quoted statement to the effect that the claimant and his son had been residents of the state of Alaska for a period of 6 months immediately preceding the accident.

■ The purpose of the requirements, relative to residence, is to give the county an opportunity to investigate the claimant as well as his claimed injuries.

■ We agree with the trial court that the quoted reference to the state of Alaska cannot be regarded as a substantial compliance with a request for a statement as to the actual residence at the time of presenting the claim and for 6 months preceding the accrual of the claim. There was no

attempt to give any meaningful information. We need not expatiate on the size of Alaska; for all practical purposes the claimant might just as well have said that they were residents of the planet Earth.

However, the very appealing argument is made that in this particular situation the county was not in any way prejudiced by not having this information. The boy, Lewis Gordon Nelson, was in a hospital in Whatcom County. The county coroner, and presumably the sheriff, had made a complete investigation of all facts relative to the collision; and the avenues of interrogatories and depositions were available, and the county had availed itself of the former.

■ The answer to this argument is that the information required is for the county's consideration of the claim. There can be no interrogatories and depositions until the county has rejected the claim and an action has been commenced. Further, the right to sue the state, a county, or other state-created governmental agency must be derived from statutory enactment; and it must be conceded that the state can establish the conditions which must be met before that right can be exercised.

When the state passed legislation waiving its governmental immunity as to tort claims (Laws of 1963, ch. 159, p. 752; RCW 4.92.010 *et seq.*), it required, as a prerequisite to suit against the state, the filing of a claim (RCW 4.92.110). It also stated what the claim should contain and, interestingly enough, it required *inter alia*:

[A] statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. RCW 4.92.100

Such a requirement is not, as some argue, the archaic requirement of another day and generation to be disregarded in this day of interrogatories and depositions. It is the requirement of a forward-looking 1963 legislature that abolished the state's governmental immunity from tort liability, but required, as a condition thereof, that a claim be filed giving the state certain required information.

There can be no argument but that the filing of a claim

in accordance with RCW 36.45.020 is a condition precedent to the maintenance of an action for damages against a county. In *Caron v. Grays Harbor Cy.*, 18 Wn.2d 397, 405, 139 P.2d 626, 629, 148 A.L.R. 626 (1943), we said:

> It is definitely settled in this state that the filing of a claim in accordance with Rem. Rev. Stat., § 4077, is a condition precedent to the maintenance of an action for damages against a county. *Old Nat. Bank v. Lewis County*, 137 Wash. 436, 242 Pac. 961; *Shaw Supply Co. v. King County*, 169 Wash. 175, 13 P. (2d) 472; on rehearing, 172 Wash. 137, 20 P. (2d) 8; *Holmquist v. Queen City Const. Co.*, 175 Wash. 681, 27 P. (2d) 1066; *Boitano v. Snohomish County*, 11 Wn. (2d) 664, 120 P. (2d) 490. As stated in the *Shaw Supply Co.* case, *supra,*
>
> "The statutes requiring claims to be presented to that board declare a rule of policy, and the courts are not at liberty to ignore it, even though they might be persuaded in a particular case that it was a useless ceremony."

█ It is not enough that a claim be filed. While we have frequently said that statutory provisions respecting the presentation of a damage claim for torts against a municipal corporation are to be liberally, and not literally, construed, we have always proceeded upon the principle, regardless of the issue of prejudice, that there must be a substantial compliance. *Caron v. Grays Harbor Cy., supra*; *Duschaine v. Everett*, 5 Wn.2d 181, 105 P.2d 18, 130 A.L.R. 134 (1940); *Sopchak v. Tacoma*, 189 Wash. 518, 66 P.2d 302 (1937).

The issue is not, as appellant urges, "was the county prejudiced by the claimant's defective notice"; but was there a substantial compliance with the statutory requirements of a claim, the filing of which was a condition precedent to the right to maintain the action against the county.

As Judge Steinert pointed out in his opinion in *Caron, supra,*

> The inescapable logic of these rules, as just stated, when taken together, is that *substantial* compliance with the statute is a condition precedent to the maintenance of an action for damages against the municipality; or, expressed in another way, the filing of a claim which does not substantially comply with the statute has the same legal effect as a failure to file any claim at all. (p. 406)

In the *Caron* case, there could have been no contention that the defect in the notice was in any respect prejudicial. The claimant had been injured in the courthouse, and the county commissioners were all familiar with the circumstances. It was contended there that the claimant did not amend her claim because the commissioners, through the chairman, had said the claim was all right and no further detail was needed. After the claim was rejected, the claimant commenced an action on the claim and recovered a substantial verdict. The trial court granted a judgment n.o.v. and dismissed the action because the claim filed was defective. We affirmed on that ground, pointing out that knowledge by the county officials of all of the circumstances was immaterial; that they did not have the power or authority to waive the requirements of the statute; and that they could not, by their attempted waiver, estop the county from asserting a lack of substantial compliance with the claims statute.

An examination of a 1959 annotation "Sufficiency of notice of claim against municipality as regards identity, name, and residence of claimant" (63 A.L.R.2d 911-920), reveals a disposition by the courts to class as sufficient any information as to present residence of the claimant which would enable the defendant to locate the claimant by the exercise of reasonable diligence (as where a wrong address was given, but inquiry at that address would have disclosed the correct address; *Tannert v. Chicago,* 308 Ill. App. 327, 31 N.E.2d 342 (1941); and where there were no street addresses, a rural route number was held to be sufficient (*Tolbert v. Birmingham,* 262 Ala. 674, 81 So.2d 336, 63 A.L.R.2d 901 (1955)); but no case holds that a failure to give any address can be excused; and no case holds that just the name of a state is a sufficient address.

With reference to the requirement of the address for 6 months' prior to accrual of the damage, the cases indicate that the information given would appear to be sufficient where it would enable the municipality, by reasonable diligence, to determine where the claimant had lived during the 6 months period, and claims have been construed liberally to find a proper statement of past residence; but a

claim which failed to state any past residence has been deemed fatally defective (three cases in Washington are cited on that point: *Brigham v. Seattle,* 34 Wn.2d 786, 210 P.2d 144 (1949); *Zettler v. Seattle,* 153 Wash. 179, 279 Pac. 570 (1929); *Barton v. Seattle,* 114 Wash. 331, 194 Pac. 961 (1921)), and no case has been found in which the court could, under the most liberal rules laid down, have determined that "State of Alaska" was a substantial compliance with a requirement for the statement of residence "for a period of six months immediately prior to the time the claim accrued."

Whether Whatcom County has shown any prejudice from the failure of the claimant to state his place of residence at the time he presented the claim, or from his giving the state of Alaska as his place of residence for 6 months preceding the injuries to Lewis Gordon Nelson, is immaterial. At least a substantial compliance with the claim statute is an indispensable prerequisite to the right to maintain the action, and there has been no such compliance.

It is not for the courts to decide whether a claimant's failure to comply with the statutory requirement relative to his claim is prejudicial to the county in any particular case. The legislature has required certain information. If this requirement is no longer meaningful, it is for the legislature and not for this court to take it out of the statute. There seems to be no disposition on the part of the legislature to do so, for, as we have already pointed out, the legislature in 1963 included the same items in stating the requirements for claims against the state, as well as reenacting the county-claims statute.

The judgment of dismissal of the action against Whatcom County is affirmed.

DONWORTH, WEAVER, OTT, and HAMILTON, JJ., concur.

HALE, J. (dissenting)—I dissent because I believe that the Nelson claim, arising out of and involving the identical accident, passengers, drivers and vehicles as in *Green v.*

*Dunkin, post* p. 734, 419, P.2d 978 (1966), fulfills the rule of substantial compliance there stated.

I would reverse and have the case tried.

ROSELLINI, C. J., FINLEY and HUNTER, JJ., concur with HALE, J.

FINLEY, J. (dissenting)—A legend, for all to see and know, graven in granite above the classic Doric columns and the emblazoned bronze doors of the entrance to the Supreme Court Building, reads: "Temple of Justice." To-day, the last word of this hopeful, idealistic legend seems to me faded and at least somewhat obscured. In effect, another word symbol seems to overlay the word, "Justice," and perhaps it may be said the legend now seems to read: "Temple of Technicality."

The ersatz word is equally dramatic and evocative, but considerably less hopeful and idealistic. The change has been wrought, not in granite. The transmutation is one of spirit and mind inherent in the judging function and the nature of the judicial process, brought about by the last few words, "judgment of dismissal . . . . affirmed," of the decision reached by a majority of the court in the instant case.

The decision and judicial function in the instant matter involves a problem of statutory interpretation inhering in a statute describing the manner in which tort claimants are to prepare and file a notice of claim when seeking redress for negligent harm inflicted by an agency or agents of a county government. The problem basically involves ascertainment of the purpose or intent and the judicial effect to be given to the legislation involved. The most that can or I think should be said of the particular legislation is that it requires reasonable information and notice be given to county commissioners of tort claims. No purpose whatsoever is served in stressing technicalities in this connection. Full effect can be given to the statutory enactment by answering the simple question of whether the county was in any way prejudiced in the investigation, the handling, or the defense of the tort claims by the failure to "dot the

i's and cross the t's" in a notice of claim filed and presented for the erudition of the county commissioners. I daresay that many, if not most, legislators who participated in the enactment of the statute would be surprised, even shocked, by the purely technical attributes, the scope, the unnecessary effect, and the harsh result accorded to the statute by the interpretation placed upon it by the court majority in evaluating and reviewing the decision of the trial judge.

I have signed Judge Hale's dissent in both *Nelson v. Dunkin* and in *Green v. Dunkin.* The thesis of the dissents by Judge Hale seems to me logically and rationally quite unanswerable. The result thus advocated as to both cases, in my judgment, superbly serves the ends of justice and, hence, is quite consistent with the legend, "Temple of Justice."