[No. 25980-6-I.   Division One.   July 8, 1991.]

GEORGE D. LEWIS, *Appellant*, v. THE CITY OF MERCER ISLAND, ET AL, *Respondents*.

*Derrill T. Bastian* and *Bastian & Bastian,* for appellant.

*Harold W. Stewart* and *Randal W. Ebberson* and *Keating, Bucklin & McCormack P.S.,* for respondents.

FORREST, J. — George Lewis appeals the trial court's dismissal of his claims against the City of Mercer Island (City) and its employee Ronald Rohrbach, based on his failure to file a claim pursuant to RCW 35A.31.030. We affirm.

Lewis is a land developer. This action arises from his attempt to develop certain property on Mercer Island. On several occasions, over a long period of time, Lewis and his attorney sent the City several letters complaining about actions of the City that he found to be objectionable. The City normally responded by explaining its position and often offered proposals that would allow the development to proceed.

In November 1986 Lewis filed a complaint alleging seven causes of action against the City. Lewis alleged that the City engaged in unlawful actions that caused him delay and damage in the development of his property.[1] The City answered in April of 1987, asserting as one of its affirmative defenses that Lewis failed to comply with the claim-filing requirements of RCW 35A.31.030. Lewis conceded that he had not presented the city clerk with a verified notice of his claim. The court granted summary judgment on this basis on March 21, 1990.

## MOTION TO STRIKE

◼ The City has moved to strike that portion of Lewis's reply brief arguing that the claim-filing requirement of RCW 35A.31.030 is inapplicable to a cause of action for inverse condemnation and, accordingly, that portion of his complaint was improperly dismissed. The City asserts two grounds for the motion: (1) this argument was not presented to the trial court and, accordingly, cannot be raised for the first time on appeal; (2) this argument was

---

[1] The nature of the actions and damages is not discussed in detail because it is largely immaterial to this appeal.

not presented in Lewis's opening brief and, therefore, cannot be asserted for the first time in his reply brief. Lewis responds by pointing out that the inverse condemnation claim was contained in his complaint and referred to in his trial brief. Although that is correct, he fails to show that he argued to the trial court that claims for inverse condemnation are not subject to the statutory filing requirements. Matters not urged at the trial level may not be urged on appeal.[2]

Lewis next urges that an inverse condemnation claim is a constitutionally based right and therefore may be raised for the first time on appeal. While this doctrine is well established in criminal law, Lewis fails to cite a single case applying it in the civil context, or offer any persuasive policy reason why it should be extended to civil cases. However, even this question is not squarely before us since Lewis did not raise the issue of the applicability of the claim statute to inverse condemnation in his appellant's opening brief. Nor did he argue that such an issue need not be urged at the trial level because of its constitutional base, even in his reply brief.

The long-standing Washington rule that appellate courts will not consider contentions raised for the first time in reply briefs was recently reaffirmed in *In re Marriage of Sacco*,[3] *cf.* RAP 10.3(c). Lewis makes two arguments in response. First, that the issue was sufficiently identified in his opening brief. No such argument is contained in the opening brief, but merely a bare assertion that the "decision of the City of Mercer Island amounted to an inverse condemnation of the property . . .". This is manifestly insufficient. Second, he urges that the reply brief was an appropriate response to two statements in respondent's brief. The first statement Lewis cites merely confirms that

---

[2]*See Wilson v. Steinbach*, 98 Wn.2d 434, 656 P.2d 1030 (1982); *Malgarini v. Washington Jockey Club*, 60 Wn. App. 823, 807 P.2d 901 (1991); *Re v. Tenney*, 56 Wn. App. 394, 783 P.2d 632 (1989).

[3]114 Wn.2d 1, 784 P.2d 1266 (1990).

the trial court granted summary judgment solely on the basis of RCW 35A.31.030 for failure to file a claim. The second statement merely pointed out that the documents offered by Lewis to show substantial compliance with the claim statute did not in fact contain any mention of inverse condemnation. That citation goes solely to the substantial compliance argument and in no way justifies a reply argument that no claim filing at all is required for inverse condemnation. The City's motion is granted.

■ The second part of the City's motion to strike certain quoted factual allegations is denied, since factual allegations not supported by the record are not considered by the Court of Appeals.

### FILING REQUIREMENT

The applicable statutes[4, 5] require, as a "condition precedent" to suit against a municipality, the filing of a claim with the city clerk. The constitutionality of this requirement is established[6] and is not here challenged. Instead, Lewis argues that certain correspondence addressed to various city officials by him or his attorney from November 21, 1983, to January 14, 1985, constitutes substantial compliance with the filing requirement. We disagree and affirm the trial court's grant of summary judgment.

■ Lewis relies on the following statutory language as permitting substantial compliance: "The laws specifying the content for such claims shall be liberally construed so that substantial compliance therewith will be deemed satisfac-

---

[4]"That the filing within the time allowed by law of any claim required shall be a condition precedent to the maintaining of any action. The laws specifying the content for such claims shall be liberally construed so that substantial compliance therewith will be deemed satisfactory." RCW 4.96.010, in part.

[5]"No action shall be maintained against any code city for any claim for damages until the same has been presented to the legislative body of the city by filing with the clerk and sixty days have elapsed after such presentation." RCW 35A.31.030, in part.

[6]*Daggs v. Seattle*, 110 Wn.2d 49, 750 P.2d 626 (1988); *Hall v. Niemer*, 97 Wn.2d 574, 649 P.2d 98 (1982).

tory." RCW 4.96.010. Substantial compliance is authorized for the *content*, not for the *filing*. Indeed, contrary to Lewis's suggestion, language authorizing substantial compliance as to content without similar language as to filings strongly suggests that substantial compliance does not apply to filing.

Lewis cites no Washington case sanctioning substantial compliance with this statute or its predecessors. Indeed, the cases emphasize strict compliance.[7] Lewis's reliance on *Cook v. State*[8] and *Hunter v. North Mason High School*[9] is totally misplaced. Those cases are concerned with time limitations on asserting claims against municipal corporations, not with the filing requirements. Indeed, in approving a statute similar to that here involved, *Hall v. Niemer*[10] used the following language:

> The substantial burden of an abbreviated statute of limitations in *Hunter* and *Jenkins* [*v. State*, 85 Wn.2d 883, 540 P.2d 1363 (1975)] was struck down, while the minor burden in *Coulter* [*v. State*, 93 Wn.2d 205, 608 P.2d 261 (1980)] was sustained.
>
> *The claim filing condition precedent contained in the laws before us passes constitutional muster.*

(Italics ours.) *Hall*, at 581-82. More recently in *Daggs v. Seattle*[11] the court restated the general rule that "[s]o long as the procedural burdens of filing claims with the government are reasonable, the claims laws are valid." *Daggs*, at 53. In *Daggs* the court held that a Seattle Municipal Code, nearly identical to RCW 35A.31.030, was a valid condition

---

[7]*Coulter v. State*, 93 Wn.2d 205, 608 P.2d 261 (1980); *O'Donoghue v. State*, 66 Wn.2d 787, 405 P.2d 258 (1965); *Boss v. Spokane*, 63 Wn.2d 305, 387 P.2d 67 (1963); *Caron v. Grays Harbor Cy.*, 18 Wn.2d 397, 139 P.2d 626, 148 A.L.R. 626 (1943); *Shaw Supply Co. v. King Cy.*, 169 Wash. 175, 13 P.2d 472 (1932).

[8]83 Wn.2d 599, 521 P.2d 725 (1974).

[9]85 Wn.2d 810, 539 P.2d 845 (1975). *See also Jenkins v. State*, 85 Wn.2d 883, 540 P.2d 1363 (1975).

[10]97 Wn.2d 574, 649 P.2d 98 (1982).

[11]110 Wn.2d 49, 750 P.2d 626 (1988).

precedent to filing a claim against a city. Lewis attempts to distinguish *Daggs* by claiming the decision in that case did not affect the plaintiffs' rights to institute suit, but only the amount of damages they could recover. In fact, in *Daggs*, like this case, the court held that the plaintiffs' failure to strictly comply with the statute constituted grounds to dismiss the claims.

Lewis suggests that the claims statute, as it applies in this case, is a "real impediment" to his relief because it results in dismissal of his claim. This analysis confuses a procedure that, on its face, imposes an unreasonable impediment, *i.e.*, a shortened statute of limitations, and a reasonable procedure that requires dismissal if the procedure is not followed. Applying Lewis's analysis, no procedure would be valid if a claimant's failure to follow the procedure results in dismissal. This is clearly an erroneous interpretation of the rule.

Lewis's reliance on *In re Saltis*[12] is likewise misplaced. *Saltis* is addressing a different statute dealing with notice of an appeal to the superior court in a workers' compensation case. More significantly though, it deals with the failure to precisely follow the statute in serving an otherwise satisfactory notice of appeal. In *Saltis* the notice of appeal was served by mail upon the "department" and not the "director" of the department. The court found that the established procedures in the department called for such a notice to be delivered to the office of the director. We need not consider whether a proper claim by Lewis, delivered for example to the city attorney or to a receptionist in city hall, could possibly constitute compliance. Here, there was a total failure to file any kind of a claim with anybody.

The predicate for a substantial compliance argument is that there was a good faith attempt to comply with the statute. Here, there is absolutely no showing of any effort of any nature to comply with the statute. An inspection of the correspondence on which Lewis relies for substantial com-

---

[12]94 Wn.2d 889, 621 P.2d 716 (1980).

pliance demonstrates that none of it was even vaguely trying to comply with the requirement to file a claim with the city clerk.

Lewis's argument is that since the City was generally familiar with his complaints, there was no need to even attempt to comply with the statute. We disagree. Lewis's position would mean that every time any city employee got an informal letter complaining about some administrative action or inaction in connection with building permits, the City would be charged with notice that a claim was being made against it. Such a rule would totally subvert and undermine the purpose of the statute. Even if substantial compliance was held to apply to the filing of a claim, the correspondence here offered would totally fail to establish substantial compliance.

In view of the explicit statutory language requiring the filing of a claim with the City as a condition precedent to suit, we do not find out-of-state cases persuasive even if upon analysis they could be shown to follow a policy of substantial compliance in the filing of claims under analogous circumstances.

Affirmed.

WEBSTER, A.C.J., and SCHOLFIELD, J., concur.

Review denied at 117 Wn.2d 1024 (1991).