921 P.2d 1084 (1996)
83 Wash.App. 304
Aleathia R. PIRTLE, a Single Woman, Appellant,
v.
SPOKANE PUBLIC SCHOOL DISTRICT NO. 81, Respondent.
No. 14726-6-III.
Court of Appeals of Washington, Division 3. Panel One.
August 29, 1996.
Reconsideration Denied September 27, 1996.
*1085 Thomas M. Roberts, Cocco, Roberts & Mahoney, Spokane, for appellant.
Michael A. Nelson, Attorney at Law, Spokane, for respondent.
SCHULTHEIS, Judge.
We are asked to decide whether a plaintiff's negligence action against a school district is barred by failure to observe the RCW 4.96.020 60-day waiting period following notice of the claim. Aleathia Pirtle's negligence suit against Spokane Public School District No. 81 (District 81) was dismissed on summary judgment and she appeals, contending her failure to observe the 60-day period should not bar her claim. We affirm.
Because this is a review of a summary judgment, we must assume the facts most favorable to Ms. Pirtle, the nonmoving party. Ruff v. County of King, 125 Wash.2d 697, 703, 887 P.2d 886 (1995).
In February 1983, while Ms. Pirtle was playing in her fourth-grade gym class, another student pushed her into a concrete wall. She sustained a serious skull fracture that resulted in permanent injuries. Ms. Pirtle's parents signed a "Parent's Release and Indemnity Agreement" in October 1983, settling their claims against District 81 for $5,000.
Ms. Pirtle turned 18 on August 9, 1991. At that time, the three-year statute of limitations began to run for any potential negligence action she might bring against District 81 for her injuries. RCW 4.16.080; .190. On July 13, 1994, her attorney served the notice of claim required by RCW 4.96.020(2) on the District 81 management services office. On that same day, District 81 received a letter from Ms. Pirtle's counsel advising it that the summons and complaint would be filed on July 29, 1994 if the matter had not been resolved. District 81's counsel sent a notice *1086 of appearance to Ms. Pirtle, received on July 20.
On July 29, Ms. Pirtle filed the summons and complaint and sent copies to the school district's counsel in early August. In August, District 81 indicated it considered the claim settled. Its counsel sent interrogatories to Ms. Pirtle and arranged to meet with her, her counsel, and a "human factors" expert at the site of the accident. In late October 1994, the district wrote and asked for the answers to its interrogatories.
After receiving a November 1994 superior court order threatening to dismiss the case if District 81's answer to the complaint was not filed by November 17, Ms. Pirtle moved for default. The district responded by filing its answer on November 14, asserting for the first time that the claim was barred by the statute of limitations and by Ms. Pirtle's failure to comply with the RCW 4.96.020 requirement of a 60-day waiting period following the notice of claim. District 81 moved for summary judgment the next day. Finding that the RCW 4.96.020 procedural requirements were mandatory, the court granted summary judgment dismissal of Ms. Pirtle's action. This appeal followed.
In review of a summary judgment order, we make the same inquiry as the trial court, examining the record to see if it establishes there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ruff, 125 Wash.2d at 703, 887 P.2d 886. Ms. Pirtle contends the 60-day waiting period of RCW 4.96.020 is a violation of equal protection, is antithetical to the purpose of RCW 4.96 and is merely a procedural step requiring only substantial compliance. She asserts that even if the statute withstands constitutional scrutiny, her failure to observe the waiting period following the notice of claim was not prejudicial to District 81.
The Washington Constitution provides that "[t]he legislature shall direct by law, in what manner, and in what courts, suits may be brought against the state." Const. art. II, § 26. In 1967, RCW 4.96.010 was enacted to abolish the doctrine of sovereign immunity for the political subdivisions of the state.[1]Daggs v. City of Seattle, 110 Wash.2d 49, 52, 750 P.2d 626 (1988). As a condition precedent to maintaining an action against a governmental entity, the statute requires the injured party to comply with statutory claim filing procedures. RCW 4.96.010(1). One such filing procedure controls here:
No action shall be commenced against any local governmental entity for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.
RCW 4.96.020(4).[2] A statute's filing requirements must be upheld as long as they do not violate constitutional rights. Coulter v. State, 93 Wash.2d 205, 207, 608 P.2d 261 (1980).
Generally, "nonclaim" statutes such as RCW 4.96.020 and RCW 4.92.110[3] (actions against the state) are upheld as constitutional if their procedural burdens are reasonable and do not constitute substantial impediments for governmental tort victims. Daggs, *1087 110 Wash.2d at 53, 750 P.2d 626; Hall v. Niemer, 97 Wash.2d 574, 581, 649 P.2d 98 (1982). Older versions of these statutes were held to be violative of equal protection because they created two classes of tort victims with two classes of tortfeasors: governmental and nongovernmental.[4]Petersen v. State, 100 Wash.2d 421, 446, 671 P.2d 230 (1983); Hall, 97 Wash.2d at 579-80, 649 P.2d 98; Jenkins v. State, 85 Wash.2d 883, 890-91, 540 P.2d 1363 (1975); Hunter v. North Mason High School, 85 Wash.2d 810, 813, 539 P.2d 845 (1975).
Equal protection guarantees a party will have the same amount of time to bring a tort action against the government as he or she would have to bring an action against a private tortfeasor. Daggs, 110 Wash.2d at 53, 750 P.2d 626. Current versions of the state and local governmental nonclaim statutes impose no claim filing time requirements beyond those already required by applicable statutes of limitations. RCW 4.92.110; 4.96.020; Coulter, 93 Wash.2d at 207, 608 P.2d 261. Although a 60-day waiting period is imposed from the time of the notice of claim to the commencement of the action, the statute of limitations is tolled during that period. RCW 4.92.110; 4.96.020(4). In effect, RCW 4.96.020(4) provides a tort victim an additional 60-day period before the action must be brought. The waiting period is reasonably related to the governmental objective of negotiation and settlement, Daggs, 110 Wash.2d at 56-57, 750 P.2d 626 (interpreting a similar condition in Seattle, Wash., Municipal Code 5.24.005(c)), and certainly creates no impediment for governmental tort victims. Accordingly, Ms. Pirtle's contention that the statute's procedure denied her equal protection is without merit.
Although RCW 4.96.010 authorizes "substantial compliance" with the laws specifying the content of the notice of claim, Washington case law emphasizes strict compliance with the filing procedures themselves. Hall, 97 Wash.2d at 580-81, 649 P.2d 98. See also Kleyer v. Harborview Medical Ctr., 76 Wash.App. 542, 545-46, 887 P.2d 468 (1995) (failure to file notice of claim with risk management office); Lewis v. City of Mercer Island, 63 Wash.App. 29, 32-33, 817 P.2d 408 (failure to file notice of claim), review denied, 117 Wash.2d 1024, 820 P.2d 510 (1991). As stated in Lewis, 63 Wash.App. at 33, 817 P.2d 408, "language authorizing substantial compliance as to content without similar language as to filings strongly suggests that substantial compliance does not apply to filing."
Failure to comply with the filing requirements leads to dismissal. See, e.g., Daggs, 110 Wash.2d at 57, 750 P.2d 626; Schmitz v. State, 68 Wash.App. 486, 843 P.2d 1109 (violation of the 60-day waiting period warranted dismissal of the tort claim against the state), review denied, 121 Wash.2d 1031, 856 P.2d 383 (1993); Jones v. University of Washington, 62 Wash.App. 653, 814 P.2d 1236 (1991) (dismissal because plaintiff failed to file the notice of claim until after filing the lawsuit), review denied, 118 Wash.2d 1026, 827 P.2d 1393 (1992).
Ms. Pirtle contends her failure to comply should be excused because the State cannot show prejudice, citing In re Paoli R.R. Yard PCB Litigation, 916 F.2d 829, 864-65 (3rd Cir.1990), cert. denied sub nom. General Elec. Co. v. Knight, 499 U.S. 961, 111 S.Ct. 1584, 113 L.Ed.2d 649 (1991). In Paoli, however, the Pennsylvania notice of claim statute included a provision allowing noncompliance based on a "reasonable excuse." If an excuse was offered, the court had to determine whether there was prejudice. A similar argument was rejected in Nelson v. Dunkin, 69 Wash.2d 726, 729-32, 419 P.2d 984 (1966), in which the court noted it was for the Washington Legislature to decide what a claimant must do to comply with claim requirements. Any issue of prejudice was held immaterial. Nelson, 69 Wash.2d at 732, 419 P.2d 984.
Ms. Pirtle next argues District 81 waived its right to object to her failure to *1088 wait the 60-day period of RCW 4.96.020 when it advised her within 30 days that it was denying her claim and then proceeded to engage in discovery.
The facts before us do not support application of the doctrine of waiverthe intentional and voluntary relinquishment of a known right. Yakima County (W.Valley) Fire Protection Dist. No. 12 v. City of Yakima, 122 Wash.2d 371, 384, 858 P.2d 245 (1993). Although District 81 indicated (after the filing of the summons and complaint) it would deny Ms. Pirtle's claim and proceeded to investigate the validity of the claim, these actions were not inconsistent with the requirements of RCW 4.96.020. The district had no affirmative obligations under the statute and was not required to make sure Ms. Pirtle complied with the filing requirements. Further, District 81's assertion of the defense was not untimely. In Miotke v. Spokane, 101 Wash.2d 307, 678 P.2d 803 (1984), the State did not raise the failure to comply with RCW 4.92.110 as a defense until the first phase of litigation had been completed and the trial court had entered its first set of findings and conclusions. Citing the "substantial litigation" that had occurred before the defense was raised, the court upheld the trial court's determination the State had waived the objection. Id. at 337, 678 P.2d 803. Here, District 81 raised the defense at the appropriate time, in its answer, not after substantial litigation.
Finally, Ms. Pirtle contends District 81 should be equitably estopped from raising RCW 4.96.020 as an affirmative defense because the district led her to believe it did not intend to settle and therefore did not need the 60-day negotiation period.
In order to establish equitable estoppel, a party must prove with clear, cogent and convincing evidence (1) the first party made an admission or act inconsistent with the claim later asserted, (2) the other party acted on the faith of such admission or act, and (3) the other party was injured when the first party repudiated. Mercer v. State, 48 Wash.App. 496, 500, 739 P.2d 703, review denied, 108 Wash.2d 1037 (1987). The doctrine may be applied against a governmental entity to prevent a manifest injustice. Id. We find no manifest injustice here.
Ms. Pirtle contends District 81 denied her claim and engaged in substantial discovery within a month after she filed the notice of claim. These actions indicated to her the district did not intend to negotiate or settle. Accordingly, she asserts, the 60-day negotiation period of RCW 4.96.020 was no longer applicable, and she did not believe she needed to comply with the statutory procedure. What she fails to address is the fact she filed the summons and complaint before any actions or admissions of the district could have affected her decision. That she filed the notice of claim pursuant to RCW 4.96.020 proves she had notice of the statute's requirements. See Jones, 62 Wash.App. at 662, 814 P.2d 1236 (although the State failed to give notice it was raising noncompliance with RCW 4.92.110 as an affirmative defense, the appellant already knew of the statutory requirements, therefore estoppel was not applicable). No affirmative action or statement by District 81 after the claim filing led her to believe she could file the summons and complaint two weeks later.
Affirmed.
SWEENEY, C.J., and MUNSON, J., concur.
NOTES
[1] In pertinent part, RCW 4.96.010 provides:

"(1) All local governmental entities, whether acting in a governmental or proprietary capacity, shall be liable for damages arising out of their tortious conduct ... to the same extent as if they were a private person or corporation. Filing a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages. The laws specifying the content for such claims shall be liberally construed so that substantial compliance therewith will be deemed satisfactory."
[2] RCW 4.96.020 was amended by Laws of 1993, ch. 449, § 3, to provide a uniform procedure for bringing claims against local governmental entities. Wilson v. City of Seattle, 122 Wash.2d 814, 819 n. 1, 863 P.2d 1336 (1993).
[3] "No action shall be commenced against the state for damages arising out of tortious conduct until sixty days have elapsed after the claim is presented to and filed with the risk management office. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period." RCW 4.92.110.
[4] Former RCW 4.96.020 and former RCW 35.31.020 required a tort victim to file a notice of claim within 120 days of the date the claim arose. Former RCW 36.45.030 required a tort victim to bring suit within three months after filing a claim and the lapse of a 60-day waiting period. Former RCW 4.92.010 required any person having a claim against the state to post a cost bond.