[No. 22047-4-II.    Division Two.    July 10, 1998.]

PAUL A. HINTZ, *Appellant*, v. KITSAP COUNTY, *Respondent*.

*Paul W. Bryan*, for appellant.

*Darlene A. Piper*; and *Russell D. Hauge, Prosecuting Attorney*, and *Jacquelyn M. Aufderheide, Deputy*, for respondent.

SEINFELD, J. — Paul Hintz appeals the dismissal of his wrongful termination lawsuit, claiming that the trial court erred in its application of the claim filing statute and statute of limitations. We affirm.

## FACTS

Hintz injured his back in 1991 while working as a laborer and truck driver for Kitsap County. After efforts to reassign him to other tasks failed, Kitsap County terminated Hintz's employment on September 3, 1992 because of his inability to perform his work duties on a regular, full-time basis.

Hintz subsequently filed a letter of complaint with the Kitsap County Risk Management Office, which referred the letter to the Kitsap County Prosecutor's Office. In a letter dated September 1, 1993, a deputy prosecuting attorney informed Hintz that the laws requiring employers to accommodate employees with disabilities did not apply to him.

In February 1994, Hintz filed a complaint for damages in Kitsap County Superior Court, alleging wrongful discrimination in violation of RCW 49.60.180(3). On August 29, 1995, the trial court dismissed the complaint without prejudice based upon Hintz's failure to file the notice of claim required by RCW 4.96.020 before commencing his lawsuit.[1]

Meanwhile, on August 24, 1995, Hintz finally had filed a proper notice of claim with the Kitsap County Board of Commissioners. On October 20, 57 days later, Hintz served a summons and complaint on the Kitsap County Auditor. The new complaint alleged disability discrimination and wrongful termination.

Shortly after Hintz filed his complaint in Kitsap County Superior Court, the County moved to dismiss, arguing that the applicable three-year statute of limitations and Hintz's failure to file his claim pursuant to RCW 4.96.020 barred his action. The trial court denied the motion after concluding that Hintz had substantially complied with RCW 4.96.020.

The Court of Appeals subsequently held that RCW 4.96.020's 60-day waiting period is mandatory and that the statute requires strict compliance. *Pirtle v. Spokane Pub. Sch. Dist. No. 81*, 83 Wn. App. 304, 309, 921 P.2d 1084 (1996), *review denied*, 131 Wn.2d 1014 (1997). Relying on *Pirtle*, Kitsap County then filed a CR 56 motion to dismiss. The trial court granted the motion for summary judgment and dismissed the complaint with prejudice.

I. The Claim Filing Statute

When reviewing an order for summary judgment, the appellate court engages in the same inquiry as the trial court. *Mountain Park Homeowners Ass'n, Inc. v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994). The court will affirm the summary judgment if there are no genuine issues of material fact and the moving party is entitled to

---

[1]RCW 4.96.020 requires that a claimant file a claim with the governing body of the local governmental entity 60 days before commencing legal action against that entity.

judgment as a matter of law. *Sneed v. Barna*, 80 Wn. App. 843, 847, 912 P.2d 1035, *review denied*, 129 Wn.2d 1023 (1996).

■ The Legislature enacted RCW 4.96.010 in 1967 to abolish the doctrine of sovereign immunity for the political subdivisions of the state. *Daggs v. City of Seattle*, 110 Wn.2d 49, 52, 750 P.2d 626 (1988). RCW 4.96.010 provides that all local governmental entities shall be liable for damages arising out of their tortious conduct, but it adds that "[f]iling a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages." RCW 4.96.020 governs the filing of such claims and states in pertinent part as follows:

> (1) The provisions of this section apply to claims for damages against all local governmental entities.

> (2) All claims for damages against any such entity . . . shall be presented to and filed with the governing body thereof within the applicable period of limitations within which an action must be commenced.

> . . . .

> (4) No action shall be commenced against any local governmental entity for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.

The claim filing condition precedent serves the important function of fostering inexpensive settlements of tort claims. *Daggs*, 110 Wn.2d at 53. Claim filing statutes with reasonable procedural burdens that do not constitute substantial impediments for governmental tort victims have been upheld as constitutional. *See Pirtle*, 83 Wn. App. at 308.

The *Pirtle* court found that RCW 4.96.020(4) did not create substantial impediments, observing that the statute of limitations is tolled during the 60-day waiting period from the time of the notice of claim to the commencement of the

action. "In effect, RCW 4.96.020(4) provides a tort victim an additional 60-day period before the action must be brought." *Pirtle*, 83 Wn. App. at 309.

After setting forth the claim filing requirement, RCW 4.96.010(1) provides that "[t]he laws specifying the content for such claims shall be liberally construed so that substantial compliance therewith will be deemed satisfactory." Although this statutory language authorizes substantial compliance with the laws specifying the *content* of the notice of claim, Washington case law requires strict compliance with the filing procedures themselves. *Pirtle*, 83 Wn. App. at 309; *see also Hardesty v. Stenchever*, 82 Wn. App. 253, 259, 917 P.2d 577, *review denied*, 130 Wn.2d 1005 (1996) (observing that courts consistently have held that strict compliance with the requirements of notice of claim statutes is condition precedent to recovery). The proper remedy for failure to comply with a notice of claim statute is dismissal of the suit. *Pirtle*, 83 Wn. App. at 309; *Hardesty*, 82 Wn. App. at 259.

It is undisputed that Hintz did not comply with the requirements of RCW 4.96.020(4) before bringing his action against the County, in that he served his complaint upon the County before the end of the 60-day waiting period. Hintz argues that the court should excuse his noncompliance because his actions did not prejudice the County.

The *Pirtle* court rejected a similar argument. There, the superior court dismissed an action brought against a school district because the plaintiff filed a summons and complaint before the expiration of the 60-day waiting period. The plaintiff argued that dismissal was inappropriate because her noncompliance did not prejudice the district. The *Pirtle* court observed that the Supreme Court rejected a similar argument in *Nelson v. Dunkin*, 69 Wn.2d 726, 729-32, 419 P.2d 984 (1966). In *Nelson*, the court noted that it was for the Legislature to decide what a claimant must do to comply with claim requirements. "Any issue of prejudice was held immaterial." *Pirtle*, 83 Wn. App. at 310.

Accordingly, Hintz's argument that dismissal is inappropriate because his actions did not prejudice the County fails.

## II. Tolling the Statute of Limitations

Hintz further maintains that application of the statute of limitations here presents "[a]n impossible situation which frustrates the intent of the tolling provision in the statute." Hintz misunderstands the tolling provision in RCW 4.96.020(4).

The parties agree that the three-year statute of limitations applies to all of Hintz's claims. RCW 4.16.080(2). They also agree that he had until September 4, 1995, to file his wrongful termination claim against the County.[2] Hintz filed his notice of claim with the County pursuant to RCW 4.96.020(4) on August 24, 1995, and served his summons and complaint on the County 57 days later.

Hintz argues that he had to serve the County before the expiration of the 60-day waiting period to toll the statute of limitations. He contends that had he postponed service until after the 60-day period, the statute of limitations would have run against him.

This assertion ignores the language of RCW 4.96.020(4) that provides for the tolling of the applicable statute of limitations during the 60-day waiting period. Hintz filed his notice of claim 10 days before the statute of limitations expired. That filing suspended the running of the limitations period. Accordingly, Hintz had 10 days after the expiration of the 60-day waiting period within which to commence his action against the County.

The situation in *Schmitz v. State*, 68 Wn. App. 486, 843 P.2d 1109, *review denied*, 121 Wn.2d 1031 (1993), was similar. Schmitz filed his complaint with the trial court within the 60-day waiting period after submitting his notice of claim. The *Schmitz* court held that the filing of the complaint commenced the action in violation of the waiting pe-

---

[2]The three-year period expired on September 3, 1995, which was a Sunday.

riod and dismissed Schmitz's tort claims against the State. 68 Wn. App. at 489-91. Thus, the filing of a complaint or service of a summons, or both, within the 60-day waiting period violates RCW 4.96.020(4).

### III. Issues of Fact

██ Hintz argues that even if his claim for wrongful termination is time barred, there remains an issue of fact as to the running of the three-year limitations period applicable to his claim for disability discrimination. A cause of action for disability or handicap discrimination accrues when the employer makes a decision not to accommodate the employee's handicap and communicates that decision to the employee. *Hinman v. Yakima Sch. Dist. No. 7*, 69 Wn. App. 445, 449, 850 P.2d 536 (1993), *review denied*, 125 Wn.2d 1010 (1994); *Albright v. State*, 65 Wn. App. 763, 767, 829 P.2d 1114 (1992).

The parties set forth various dates on which Hintz's cause of action accrued, the latest being September 1, 1993, the date of the letter from the Kitsap County Prosecutor's Office informing Hintz that the laws requiring accommodation did not apply to him. This letter meets the conditions for accrual set forth above. Thus, Hintz's cause of action for disability discrimination accrued, at the latest, on September 1, 1993.

██ When the court dismisses an action, a statute of limitations is deemed to continue running as though the action had never been brought. *Logan v. North-West Ins. Co.*, 45 Wn. App. 95, 99, 724 P.2d 1059 (1986); *Fittro v. Alcombrack*, 23 Wn. App. 178, 180, 596 P.2d 665, *review denied*, 92 Wn.2d 1029 (1979). The trial court dismissed Hintz's complaint with prejudice on May 9, 1997. Assuming that the claim for disability discrimination accrued on September 1, 1993, the court properly ruled that all of Hintz's claims were time barred.

We affirm the dismissal of Hintz's complaint with prejudice because all of his claims are barred by the applicable statute of limitations.

Bridgewater, A.C.J., and Armstrong, J., concur.