[No. 60079-1.   En Banc.   December 9, 1993.]

ROBERT WILSON, ET AL, *Appellants*, v. THE CITY OF SEATTLE, ET AL, *Respondents*.

---

*Richard B. Sanders,* for appellants.

*Mark H. Sidran, City Attorney,* and *Helaine Honig, Assistant,* for respondents.

JOHNSON, J. — At issue is whether appellants must file a claim for damages with the City of Seattle (Seattle or City) pursuant to Seattle Municipal Code (SMC) 5.24.005 as a condition precedent to bringing an action against the City under RCW 64.40.020. King County Superior Court dismissed appellants' lawsuit for failure to first file such a claim. We reverse.

I

On August 25, 1989, appellants Robert Wilson, John Tardiff, and Wilson Realty Exchange, Inc. (hereafter Wilson) applied to the Seattle Department of Construction and Land Use (DCLU) for a master use permit to short plat their property into two parcels of land. On January 22, 1990, DCLU conditionally granted the master use permit application. Maple Leaf Community Council appealed the City's approval of the permit to Seattle's hearing examiner. After the expiration of the applicable appeal period but before the hearing, DCLU determined the master use permit for the short plat had been issued in error and withdrew its approval on March 29, 1990. As a result, the examiner canceled the hearing scheduled for May 2, 1990, over Wilson's objection.

On May 2, 1990, Wilson filed a complaint against Seattle, seeking equitable relief and monetary damages for the City's failure to promptly process the short plat application. Six claims were asserted, including a claim under RCW 64.40-.020, a statutorily created cause of action for damages to property rights caused by governmental actions in processing permit applications. In its answer, Seattle asserted an affirmative defense that Wilson had failed to first file a claim with the City pursuant to SMC 5.24.005.

Seattle moved for partial summary judgment, and Wilson moved for voluntary nonsuit to dismiss all of its claims except the cause of action under RCW 64.40.020. King County Superior Court dismissed all of the claims, including the one

under RCW 64.40.020, for failure to comply with SMC 5.24-.005. Wilson appealed. This court accepted certification from the Court of Appeals and granted direct review.

## II

RCW 64.40 creates a statutory cause of action and remedy for owners of property interests damaged by agency actions in processing land use permit applications. The statute states:

> Owners of a property interest who have filed an application for a permit have an action for damages to obtain relief from acts of an agency which are arbitrary, capricious, unlawful, or exceed lawful authority, or relief from a failure to act within time limits established by law . . ..

RCW 64.40.020(1). "Agency" is defined as the State of Washington and any of its political subdivisions, including cities such as Seattle, exercising regulatory authority or control over the use of real property in the state. RCW 64.40.010(1). "Damages" mean reasonable expenses and losses incurred between the time a cause of action arises and relief is granted, but does not include speculative damages, diminution in value or damage to real property. RCW 64.40.010(4).

Seattle contends that before Wilson can file a cause of action under RCW 64.40.020 for damages caused by Seattle's delay in processing its permit application, Wilson must file a claim with the City for damages pursuant to SMC 5.24.005. The ordinance states in part:

> A. No action shall be commenced against the City in which monetary damages are being claimed until a written Claim for Damages has been presented to and filed with the City Clerk. . . .
>
> . . . . .
>
> C. A lawsuit based upon the allegations of a Claim for Damages may not be instituted against the City within sixty (60) days of the filing of such claim, unless the applicable statute of limitations will expire within that period of time. The requirements of this section shall not affect in any manner the commencement and running of any applicable statute of limitations.

SMC 5.24.005.

■ The issue in this case turns on the doctrine of sovereign immunity, which flows from the medieval English concept that one could not sue the King in his own courts. *See* 57 Am. Jur. 2d *Municipal, County, School, and State Tort Liability* §§ 1-2 (1988). The general principle that the sovereign cannot be sued without its own consent applies with full force to states. 72 Am. Jur. 2d *States, Territories, and Dependencies* § 99 (1974). The immunity of a municipality, however, derives solely from the state as sovereign, 57 Am. Jur. 2d, *supra* § 6, and the municipality thus has only as much immunity as its sovereign. *Kelso v. Tacoma*, 63 Wn.2d 913, 916-17, 390 P.2d 2 (1964) (citing *Hutton v. Martin*, 41 Wn.2d 780, 784, 252 P.2d 581 (1953)).

■ Municipal claims ordinances, such as SMC 5.24.005, are in part an exercise of sovereign immunity in that they place limitations or qualifications on the ability of individuals to sue the government. *See Daggs v. Seattle*, 110 Wn.2d 49, 52, 750 P.2d 626 (1988). Under such ordinances, a city will require notice and presentation of a claim before allowing a suit for damages to be brought. 56 Am. Jur. 2d *Municipal Corporations, Counties, and Other Political Subdivisions* § 680 (1971). Compliance is mandatory, and failure to comply bars a claimant from maintaining an action in court. *See Lewis v. Mercer Island*, 63 Wn. App. 29, 32-33, 817 P.2d 408, *review denied*, 117 Wn.2d 1024 (1991); former RCW 35.31.030. Whether Seattle's claims-filing ordinance is a valid exercise of sovereign immunity thus depends on whether it is authorized by its sovereign, the State.

## A

Seattle first argues its ordinance is authorized by RCW 4.96.010, which provides a city may require the filing of a claim as a condition precedent to bringing a lawsuit. Wilson argues, however, this statute only authorizes the filing of claims *for damages sounding in tort* and does not apply to claims under RCW 64.40.020. We agree with Wilson.

In 1963, the Washington State Legislature abolished the State's sovereign immunity for tort liability. RCW 4.92.090 (Laws of 1963, ch. 159, § 2); *Kelso*, 63 Wn.2d at 918. In 1967, the Legislature extended this abrogation of sovereign immunity to all its political subdivisions, including cities such as Seattle. RCW 4.96.010 (Laws of 1967, ch. 164, §§ 17, 18). RCW 4.96.010 does preserve a municipality's right to require the filing of a damages claim with the municipality before bringing a lawsuit, but only for claims sounding in tort. It states:

> All local governmental entities, whether acting in a governmental or proprietary capacity, shall be liable for damages *arising out of their tortious conduct, or the tortious conduct of their past or present officers, employees, or volunteers* while performing or in good faith purporting to perform their official duties, to the same extent as if they were a private person or corporation. Filing a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages. . . .

RCW 4.96.010(1).[1]

---

[1]The Legislature recently amended RCW 4.96.010. Laws of 1993, ch. 449, § 2. The statute formerly read:

> All political subdivisions, municipal corporations, and quasi municipal corporations of the state, whether acting in a governmental or proprietary capacity, shall be liable for damages arising out of their tortious conduct, or the tortious conduct of their officers, agents or employees to the same extent as if they were a private person or corporation: PROVIDED, That the filing within the time allowed by law of any claim required shall be a condition precedent to the maintaining of any action. . . .

Former RCW 4.96.010. The revision to RCW 4.96.010 does not change the language relevant to the issue in this case regarding liability for damages resulting from tortious conduct.

In addition to the above change, the Legislature also amended RCW 4.96 to provide a single, uniform procedure for bringing a claim against a local governmental entity. Laws of 1993, ch. 449, § 1. Previously, claims-filing procedures were scattered among various statutes. Former RCW 4.96.020(1) provided that former RCW 35.31 would govern the procedure for presenting a claim against charter cities such as Seattle, and former RCW 36.45 would govern claims against counties. Former RCW 4.96.020(2) set out the procedure for other political subdivisions and municipal corporations, and former RCW 35A.31.010-.030 established the procedure for claims against code cities. All of these procedures have been consolidated into one under RCW 4.96.020. Laws of 1993, ch. 449, § 3.

These 1993 amendments do not affect our analysis in this case.

The case most directly on point is *El Coba Co. Dormitories, Inc. v. Franklin Cy. PUD*, 82 Wn.2d 858, 514 P.2d 524 (1973). In *El Coba*, this court held filing a claim with a PUD under RCW 4.96.010 is a condition precedent only to commencing an action for damages arising from tortious conduct; filing a claim is not required for other types of actions such as a breach of contract. *El Coba*, 82 Wn.2d at 863. The court reasoned that prior to the enactment of RCW 4.96.010, damages were broadly construed to mean either damages for breach of contract or tort, *see Puget Constr. Co. v. Pierce Cy.*, 64 Wn.2d 453, 457, 392 P.2d 227 (1964), so the filing of a claim with the PUD was required for both types of actions. When the Legislature enacted RCW 4.96.010 abolishing sovereign immunity, it did not use the previous broader language requiring the filing of a claim for "damages". Instead, the Legislature required claims only for "damages arising out of tortious conduct". The court construed this narrower language as evincing a legislative intent to limit the requirement of filing a claim with the PUD to only claims for tortious damages. The requirement of filing a claim for damages arising out of an alleged breach of contract was eliminated. *El Coba*, 82 Wn.2d at 863.

The same analysis applies here. RCW 4.96.010 authorizes only claims-filing ordinances for damages arising from tortious conduct; the statute does not authorize the City of Seattle to require the filing of claims for other types of damages such as breach of contract or special statutory remedies.

Seattle attempts to distinguish *El Coba* on the grounds the claims-filing procedure applicable in that case was former RCW 4.96.020(2). *See El Coba*, 82 Wn.2d at 862. That statute governs the presenting of claims to political subdivisions other than cities, towns, and counties, and by its plain language is limited to the filing of claims "*for damages arising out of tortious conduct*". (Italics ours.) Former RCW 4.96.020(2). However, the procedure for presenting claims to charter cities is governed instead by former RCW 35.31, which Seattle argues is not as limited in scope. Whereas former RCW 4.96.020(2)

provides only for filing of claims for damages sounding in tort, former RCW 35.31.020 provides for the filing of "[a]ll claims for damages" against a charter city. Seattle argues its claims ordinance, SMC 5.24.005, is thus authorized by former RCW 35.31.020.

Seattle misconstrues the nature of this statute. Former RCW 35.31.020 is a procedural statute specifying the *time period* for filing claims. It is not the statute which affirmatively authorizes cities to continue requiring the filing of claims. That authorization is provided by RCW 4.96.010. In addition, former RCW 35.31.020 must be construed in conjunction with former RCW 35.31.010. Both statutes set out procedures for damages claims: one requires residency information, and the other provides the time and form procedures. Former RCW 35.31.010 expressly refers to these as claims for "damages sounding in tort". Former RCW 35.31-.010.[2]

Seattle argues Washington courts have not limited claims ordinances to only tort actions, but have construed "damages" to mean any cause of action for damages. Seattle contends its ordinance should be interpreted broadly to include any type of damages claim.

Seattle is correct that prior to the abrogation of sovereign immunity, claims-filing statutes were construed broadly to include any claim for damages, such as breach of contract or action to recover funds, and not just tort damages. *See, e.g., Amende v. Bremerton*, 36 Wn.2d 333, 338, 217 P.2d 1049 (1950); *State ex rel. Rand v. Seattle*, 13 Wn.2d 107, 123-24, 124 P.2d 207 (1942). However, the cases cited by Seattle dating after 1963 construe the validity of claims ordinances *only* in tort cases. *See Daggs*, 110 Wn.2d at 52-54 (upholding SMC 5.24.005 claims-filing ordinance for claims by tort victims); *Hall v. Niemer*, 97 Wn.2d 574, 581-82, 649 P.2d 98 (1982) (upholding validity of claims-filing requirement for

---

[2]This analysis is also consistent with the Legislature's recent consolidation of these statutes into one set of procedures for filing claims. *See* Laws of 1993, ch. 449, § 3.

tort victims). These cases do not address the validity of a claims ordinance for other types of actions.

Seattle also cites *Lewis v. Mercer Island*, 63 Wn. App. 29, 817 P.2d 408 (1991), as support for its contention that claims-filing requirements apply to actions under RCW 64.40. In *Lewis*, a land developer alleged the City of Mercer Island engaged in unlawful actions which caused him delay and damage in the development of his property. The Court of Appeals upheld the dismissal of his claim for failure to comply with the claims-filing requirements of former RCW 35A.31.030, which governed the procedure for presenting a claim against a code city. *Lewis*, 63 Wn. App. at 32-33.

*Lewis* is not dispositive, however, because the court refused to address the same question presented by this case, *i.e.*, whether the plaintiff's cause of action was subject to a claims-filing prerequisite. The court did not address the issue on the grounds it was not raised before the trial court or argued in the plaintiff's opening brief. It is also not clear from the opinion whether the plaintiff's complaint even included a claim under RCW 64.40.020.

Seattle next argues the plain language of its ordinance requires filing a claim with the City before commencing any action in which "monetary damages" are claimed. Because RCW 64.40.020 is an action for monetary damages, Seattle argues the statute falls squarely within the plain language of the ordinance.

■ Seattle has the argument backward. The question is not whether the statute falls within the plain language of the ordinance, but whether the ordinance is authorized by the plain language of the statute. A municipal corporation is limited in its powers to those necessarily or fairly implied in or incident to the powers expressly granted by the State; if there is any doubt about whether the power is granted, it must be denied. *Employco Personnel Servs., Inc. v. Seattle*, 117 Wn.2d 606, 617, 817 P.2d 1373 (1991).

■ We conclude RCW 4.96.010 authorizes the filing of a claim for damages arising from tortious conduct as a condi-

tion precedent to bringing a suit, but not for other types of damages claims such as RCW 64.40.020. Neither party argues RCW 64.40.020 creates a cause of action sounding in tort. RCW 64.40.020 is not merely a codification of preexisting common law tort remedies, but is a new cause of action not previously available. The statute expressly states the remedies provided are in addition to any other remedies provided by law. RCW 64.40.040. *See Pleas v. Seattle*, 49 Wn. App. 825, 841 n.3, 746 P.2d 823 (1987) (stating RCW 64.40 "is a clear break with the past"), *rev'd on other grounds*, 112 Wn.2d 794, 774 P.2d 1158 (1989).

We hold the provision in RCW 4.96.010 authorizing the filing of a claim as a condition precedent for bringing suit for damages from tortious conduct does not apply to a cause of action under RCW 64.40.020. Thus, RCW 4.96.010 does not authorize Seattle to apply SMC 5.24.005 to claims under RCW 64.40.020.

### B

Although RCW 4.96.010 abolishes sovereign immunity for tort liability, it does not necessarily abolish sovereign immunity for other kinds of liability. The court must therefore determine whether RCW 64.40.020 also waives sovereign immunity, and if so, whether the City can still condition its liability under the statute by requiring the filing of a claim as a condition precedent to maintaining an action under RCW 64.40.020.

Wilson argues the Legislature waived sovereign immunity by creating this statutory cause of action, and nothing in the statute permits a municipality to bar or qualify this statutory action through the imposition of a claims-filing requirement. Seattle does not present any arguments directly on this point, but argues generally the Seattle ordinance does not conflict with RCW 64.40.020 because both allow claims for "monetary damages".

This court recently held that the Legislature, in enacting RCW 64.40, intended to abrogate the rule of vicarious municipal immunity for the quasi-judicial acts of its officials.

*Lutheran Day Care v. Snohomish Cy.*, 119 Wn.2d 91, 103, 829 P.2d 746 (1992), *cert. denied*, 122 L. Ed. 2d 353 (1993). The court held that under RCW 64.40.020 an "agency", which includes cities, can be liable for the quasi-judicial acts of its land use officials. *Lutheran Day Care*, 119 Wn.2d at 111. Given this waiver of immunity, the next question is whether Seattle can limit this waiver through its claims-filing ordinance.

■ The City of Seattle has only so much immunity as it derives from the sovereign. *Employco Personnel*, 117 Wn.2d at 614-15; *Kelso*, 63 Wn.2d at 916-17. The natural corollary to this principle is that the City cannot confer additional immunity upon itself which does not exist in the sovereign. Because the State has waived immunity for itself and its political subdivisions by enacting RCW 64.40, Seattle cannot then reimpose partial immunity through its claims-filing ordinance.

Nothing in the plain language of the statute expressly permits a municipality to bar or qualify this statutory cause of action by imposing a claims-filing requirement. The Legislature is presumed to know the theory upon which municipal corporations of the State, including cities, have previously been granted immunity under the existing law. *Kelso*, 63 Wn.2d at 917. Presumably the Legislature knew that cities still retain the authority to impose a claims-filing requirement under RCW 4.96.010 for damages for tortious conduct. If the Legislature intended to preserve the same claims-filing requirement for causes of action under RCW 64.40.020, then it could have expressly included such a provision in the statute, just as it did in RCW 4.96.010. It did not. As this court stated in *Kelso*:

> If [the Legislature] desired to preserve the doctrine of governmental immunity for these political subdivisions, it should have so stated; and the legislature, not the courts, must find the remedy for their omission.

*Kelso*, 63 Wn.2d at 917. *See also Employco Personnel*, 117 Wn.2d at 614-15 (holding Seattle could not confer immunity upon itself for damages from interrupted electric service

where the Legislature had declined to grant that immunity). The few appellate decisions to date addressing RCW 64.40-.020 do not indicate the plaintiffs were required to first file a claim before commencing suit under RCW 64.40.020. *See, e.g., View Ridge Park Assocs. v. Mountlake Terrace,* 67 Wn. App. 588, 839 P.2d 343 (1992), *review denied,* 121 Wn.2d 1016 (1993); *Lutheran Day Care,* 119 Wn.2d at 91; *Cobb v. Snohomish Cy.,* 64 Wn. App. 451, 829 P.2d 169 (1991), *review denied,* 119 Wn.2d 1012 (1992); *Ivy Club Investors Ltd. Partnership v. Kennewick,* 40 Wn. App. 524, 699 P.2d 782, *review denied,* 104 Wn.2d 1006 (1985).

Judicially reading in a qualified immunity not expressly provided by the Legislature would permit the City to potentially defeat causes of action under RCW 64.40.020. Such a result would be inconsistent with the purpose of the statute which is to provide a swift remedy for property damage caused by governmental agency action.

### III

We hold RCW 4.96.010 and RCW 64.40.020 do not authorize Seattle to impose compliance with its ordinance, SMC 5.24.005, as a condition precedent to bringing an action under RCW 64.40.020. Thus, the cause of action created by RCW 64.40.020 is not subject to the claims-filing prerequisite imposed by SMC 5.24.005. We reverse the Superior Court's dismissal of appellants' RCW 64.40.020 cause of action and remand for further proceedings.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DOLLIVER, and SMITH, JJ., concur.

MADSEN, J. (dissenting) — I dissent and would uphold Seattle Municipal Code (SMC) 5.24.005 as a valid procedural tool that the City of Seattle may employ in regulating the claims filed against it.

I disagree with the majority's view that municipal claims ordinances are in part an exercise of sovereign immunity in that they limit or qualify the ability of individuals to sue the

government. The issue is not, as the majority claims, whether SMC 5.24.005 is a valid exercise of sovereign immunity. That debate, which began in *Cook v. State*, 83 Wn.2d 599, 521 P.2d 725 (1974), was put to rest in *Hall v. Niemer*, 97 Wn.2d 574, 649 P.2d 98 (1982) and *Jenkins v. State*, 85 Wn.2d 883, 540 P.2d 1363 (1975). Rather, the issue, as I view it, is whether the ordinance is a valid procedural prerequisite to filing a claim against Seattle based on RCW 64.40.020.

The principal purposes of the requirement that claims be presented or filed are to provide the City with full information of the rights asserted against it, to enable it to make proper investigations concerning the merits of the claims, and to settle those of merit without the expense of litigation. 17 E. McQuillin, *Municipal Corporations* § 48.02, at 71 (3d ed. 1993); *Hall*, at 581; 56 Am. Jur. 2d *Municipal Corporations* § 686, at 730 (1971). Such requirements protect a municipality from stale claims and give the municipality an opportunity to investigate the source of the claim when the evidence relating to it is fresh. 17 E. McQuillin § 48.02, at 71; 56 Am. Jur. 2d, *supra* § 686, at 730. Such requirements, however, will not be sustained if they are unreasonable and do not promote the due administration of justice. 17 E. McQuillin § 48.02, at 71.

SMC 5.24.005 states that a written claim for damages must precede an action brought against the City for which monetary damages are being claimed. After filing a written claim for damages, a party must wait 60 days to institute a lawsuit against the City unless the applicable statute of limitations will expire within that 60-day period. "The requirements of this section shall not affect in any manner the commencement and running of any applicable statute of limitations." SMC 5.24.005. Thus, if a party's action is dismissed for failure to comply with SMC 5.24.005, the dismissal is without prejudice: that party may file a written claim and again file suit. If the applicable statute of limitations will run before the 60-day period expires, a written claim and compliance with SMC 5.24.005 is not necessary. Since Seattle's ordinance can in no way deprive an individual of the right to file suit against the City of Seattle, it cannot be

viewed as an attempt by Seattle to immunize itself from suit.

Moreover, this court has upheld a similar claims-filing ordinance as a "minor procedural burden". *Hall*, at 581. The court found the burden of compliance slight and reasonably related to fostering and regulating claim settlements. *Hall*, at 581; 17 E. McQuillin § 48.02, at 71. Similarly, the *Daggs v. Seattle*, 110 Wn.2d 49, 750 P.2d 626 (1988) opinion, cited by the majority, regards reasonable claims-filing ordinances as "procedural burdens" placed upon parties suing the State. *Daggs*, at 53. In contrast, the *Daggs* opinion noted that claims-filing laws that shorten the amount of time in which a party may sue have been struck down by this court because, in that circumstance, the substantive right to maintain suit is affected. *Daggs*, at 53 (citing *Hunter v. North Mason High Sch. & Sch. Dist. 403*, 85 Wn.2d 810, 539 P.2d 845 (1975); *Jenkins*).

Notice of claims ordinances that seek to alter the applicable statute of limitations *have* been viewed as a governmental attempt to reinstate sovereign immunity after waiver has occurred. *See Cook*. Note, *Notice of Claim Requirements: Judicial and Constitutional Limitations*, 14 Wake Forest L. Rev. 215 (1978). Such ordinances have consistently been struck down as unconstitutional equal protection violations by this court because of their unfair creation of two statutes of limitations for a given cause of action and, thus, two classes of claimants. *See Daggs*, at 53. As one authority observes,

> [t]he Washington courts have reasoned that such statutes impose an arbitrary burden on persons harmed by governmental misfeasance, because they require such persons to provide the government with notice of their injuries within a short time after they occur. Thus, notice of claim statutes are violative of constitutional equal protection standards, unless the statute merely requires filing of notice before the running of the statute of limitations.

(Footnotes omitted.) 17 E. McQuillin § 48.02, at 71. The ordinance at issue herein does not violate any constitutional standards because it has no impact on the applicable statute

of limitations. If the limitations period will run before the 60-day period expires, compliance with the ordinance is not required.

Moreover, as Justice Utter stated in a concurring opinion in *Cook*, the notion that immunity can be partially revived once it has been waived is questionable. At issue in *Cook* was the validity of a statute requiring a claimant to submit notice of a tort action to the State within 120 days of the injury. The majority analyzed the statute as a modification of the waiver of sovereign immunity. Justice Utter questioned this analysis, stating that "there can be no other conclusion but that governmental immunity for tort liability has been waived in this state." *Cook*, at 608-09 (Utter, J., concurring). Thus, the issue in interpreting the notice of claims provision was procedural or remedial rather than substantive. "The filing claim and the filing period are procedural requirements which may not be interpreted as conditions imposed on the substantive waiver of tort immunity." *Cook*, at 610 (Utter, J., concurring). This court agreed in *Jenkins* that sovereign immunity has nothing to do with the conditions contained in claims-filing ordinances. *Jenkins*, at 890.

This court has stated that RCW 64.40.020 waives vicarious municipal immunity for the quasi-judicial acts of its officials. *Lutheran Day Care v. Snohomish Cy.*, 119 Wn.2d 91, 103, 829 P.2d 746 (1992), *cert. denied*, 113 S. Ct. 1044 (1993). I am hard pressed to understand why the majority sees SMC 5.24.005 as an attempt by Seattle to somehow undermine this waiver of immunity. The ordinance states that it does not alter the applicable statute of limitations and contains procedural requirements that have been upheld in other contexts by this court. The ordinance clearly is an attempt by the City to regulate the filing of suits against it rather than an attempt to impair the substantive rights of a party to sue. As such, it is comparable to the rules by which a court regulates the filing and initiation of a lawsuit. Such rules are used largely to prescribe the time within which certain procedural acts must be done or to prescribe

certain procedural formalities. 20 Am. Jur. 2d *Courts* § 84, at 446 (1965). The same can be said for SMC 5.24.005. The burden of compliance is slight and reasonably related to regulating claim settlements.

It seems neither realistic nor necessary to require the Legislature to expressly approve notice of claims provisions every time it creates a new cause of action against governmental entities. Such provisions should be regarded as part of a municipality's authority to recognize and regulate claims brought against it, and they should be upheld so long as they do not unreasonably burden a claimant. *See* 17 E. McQuillin § 48.02.

I would hold that the procedural burdens imposed by SMC 5.24.005 are a reasonable exercise of the City's authority to settle claims when possible, and are not a partial resurrection of sovereign immunity. As a result, I would affirm the Superior Court's dismissal of the RCW 64.40.020 action in this case, with the proviso that the action may be refiled after the requirements of SMC 5.24.005 are satisfied.

DURHAM and GUY, JJ., concur with MADSEN, J.