[No. 42692-3-I.  Division One.  May 24, 1999.]

DOUGLAS L. JOHNSTON, *Appellant*, v. THE CITY OF SEATTLE, ET AL., *Respondents*.

*Thomas P. Sughrua*, for appellant.

*Mark H. Sidran, City Attorney*, and *Reba Weiss, Assistant*, for respondents.

KENNEDY, C.J. — Douglas L. Johnston filed a claim for damages with the City of Seattle and filed a personal injury action against the City one day before the statute of limitations was set to expire. The City moved for summary judgment dismissal of the personal injury action, contending that Johnston failed to wait 60 days after filing his claim before he commenced action as required by Seattle Municipal Code (SMC) 5.24.005 and RCW 4.96.020. In response, Johnson maintained that SMC 5.24.005, which states that a claimant wait 60 days after filing a claim before commencing legal action unless the statute of limitations will expire, exempted him from the 60-day waiting period. The trial court granted the City's motion for summary judgment, and Johnston appeals.

RCW 4.96.020 tolls the statute of limitations for the 60-day waiting period. As a result, Johnston's statute of limitations was not set to expire until 60 days after he filed his claim with the City. Consequently, applying SMC 5.24.005 and RCW 4.96.020 together, Johnston was required to wait 60 days before commencing his legal action. Accordingly, the trial court properly dismissed Johnston's action and we affirm.

## FACTS

On October 14, 1994, Douglas L. Johnston fell in a hole

on a downtown Seattle street and fractured his foot. On October 13, 1997, one day before the statute of limitations was set to expire, Johnston filed a claim against the City of Seattle and commenced a cause of action against the City in King County Superior Court for damages caused by the City's alleged negligence. In the City's answer to Johnston's complaint on November 12, 1997, it alleged, inter alia, that the complaint was barred by Johnston's failure to comply with RCW 4.96.020, the Washington statute governing tortious conduct of local governmental entities, and SMC 5.24.005, the Seattle Municipal Code's "Claims for damages" provision. On December 19, 1997, the City moved for summary judgment. The trial court granted the City's motion and Johnston appeals.

## DISCUSSION

Johnston contends that SMC 5.24.005 alone, not RCW 4.96.020, controls the procedures for filing a claim and commencing legal action against the City for its allegedly tortious conduct. We disagree.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). "The motion will be granted, after considering the evidence in the light most favorable to the nonmoving party, only if reasonable persons could reach but one conclusion." *Reynolds v. Hicks*, 134 Wn.2d 491, 495, 951 P.2d 761 (1998). "When reviewing a summary judgment order, an appellate court engages in the same inquiry as the trial court." *Id.*

RCW 4.96.020, the Washington statute governing the tortious conduct of local government entities, provides procedures for claims for damages against local entities. This statute requires that a claimant wait 60 days after filing a claim before commencing legal action, and tolls the statute of limitations for the 60-day waiting period:

(1) The provisions of this section apply to claims for damages against all local governmental entities.

(2) All claims for damages against any such entity for damages shall be presented to and filed with the governing body thereof within the applicable period of limitations within which an action must be commenced.

(3) All claims for damages arising out of tortious conduct must locate and describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. . . .

(4) No action shall be commenced against any local governmental entity for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.

RCW 4.96.020. "In effect, RCW 4.96.020(4) provides a tort victim an *additional* 60-day period before the action must be brought." *Pirtle v. Spokane Pub. Sch. Dist. No. 81*, 83 Wn. App. 304, 309, 921 P.2d 1084 (1996), *review denied*, 131 Wn.2d 1014 (1997). But failure to observe the RCW 4.96.020 60-day waiting period following notice of the claim bars that claim. *Pirtle*, 83 Wn. App. at 305.

Johnston argues that SMC 5.24.005—not RCW 4.96-.020—controls the procedures for this lawsuit. SMC 5.24-5.24.005 requires that a claimant wait 60 days after filing a claim before commencing legal action unless the statute of limitations will expire:

No action shall be commenced against the City in which monetary damages are being claimed until a written Claim for Damages has been presented to and filed with the City Clerk. . . . A lawsuit based upon the allegations of a Claim for Damages may not be instituted against the City within sixty

(60) days of the filing of such claim, unless the applicable statute of limitations will expire within that period of time.

Failure to comply with this ordinance will bar a claim. *Wilson v. Seattle,* 122 Wn.2d 814, 818, 863 P.2d 1336 (1993).

Here, the three-year statute of limitations for Johnston's cause of action was set to expire one day after Johnston filed his claim, i.e., October 14, 1997. Thus, he maintains that SMC 5.24.005 exempted him from the 60-day waiting period, and, accordingly, he alleges that his lawsuit against the City was in compliance with SMC 5.24.005. Citing no authority, Johnston asserts that RCW 4.96.020—which tolls the statute of limitations for the 60-day waiting period— controls tort claims against municipalities only where there is no municipal claim process.

■ We conclude that Johnston is bound by the requirements of SMC 5.24.005 *and* RCW 4.96.020. Both require a claimant to file a claim and then wait 60 days before commencing legal action. SMC 5.24.005; RCW 4.96.020. The purposes of the 60-day waiting period are to enable the City to investigate claims without incurring litigation expenses and to foster inexpensive settlements. *See Wilson,* 122 Wn.2d at 826 (Madsen, J., dissenting) (citing 17 EUGENE McQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 686, at 730 (1971)); *Daggs v. City of Seattle,* 110 Wn.2d 49, 53, 750 P.2d 626 (1988). In 1993, our Legislature added new sections to RCW 4.96 "to provide a single, uniform procedure for bringing a claim for damages against a local government entity." LAWS OF 1993, ch. 449 § 1, at 1786. One of these sections, RCW 4.96.020(4), tolls the statute of limitations to honor the 60-day waiting period. *Id.* § 3(4), at 1787; *see also Pirtle,* 83 Wn. App. at 309 (rejecting an equal protection challenge to RCW 4.96.020(4)).

Under RCW 4.96.020, the statute of limitations for Johnston's cause of action against the City was not set to expire until 60 days after Johnston filed his claim, i.e., December 12, 1997. SMC 5.24.005 requires that a claimant wait 60 days after filing a claim before commencing legal

action unless the statute of limitations will expire. Applying SMC 5.24.005 and RCW 4.96.020 together, Johnston was required to wait 60 days before commencing legal action. Because Johnston failed to do so, he deprived the City of the opportunity to investigate his claim without incurring litigation expenses and possibly settle his claim inexpensively. Thus, Johnston's cause of action against the City is barred and the trial court properly granted the City's motion for summary judgment.

Accordingly, we affirm.

GROSSE and COX, JJ., concur.

Review denied at 139 Wn.2d 1010 (1999).