183 P.3d 1082 (2008)
MATIA CONTRACTORS, INC., a Washington corporation, Appellant,
v.
The CITY OF BELLINGHAM, a municipal Washington corporation, Respondent.
No. 60672-7-I.
Court of Appeals of Washington, Division 1.
May 5, 2008.
Jesse Miller, Stanislaw Ashbaugh LLP, Seattle, WA, for Appellant.
Jeff H. Capell, City of Bellingham Atty Office, Bellingham, WA, for Respondent.
DWYER, J.
¶ 1 In Wilson v. City of Seattle, 122 Wash.2d 814, 863 P.2d 1336 (1993), the Supreme Court decided that the claim filing requirements of chapter 4.96 RCW apply only to tort claims. In Harberd v. City of Kettle Falls, 120 Wash.App. 498, 84 P.3d 1241 (2004), Division Three of this court  without distinguishing or even mentioning Wilson  decided that the claim filing requirements of chapter 4.96 RCW apply to all claims for money damages, not just to claims sounding in tort. In this case, the trial court dismissed Matia Contractors, Inc.'s breach of contract action against the City of Bellingham premised upon the trial court's belief that Harberd  rather than Wilson  was the applicable, controlling authority. Because the Supreme Court's Wilson decision continues to control the resolution of this question, we reverse.

I
¶ 2 On July 21, 2006, Matia and the City entered into a contract for Matia to construct improvements to Joe Martin Field, a municipal baseball stadium. Ultimately, the City sent notice to Matia terminating the contract. Matia then commenced this breach of contract action. The City subsequently filed a motion to dismiss Matia's complaint, contending that Matia had not filed a Notice of Claim with the City prior to filing suit and that the *1083 filing of such a claim was required by both state statute and the City's charter. The trial court agreed and granted the motion. Matia appeals.

II
¶ 3 The resolution of this dispute is dependent on the meaning of two statutes. The first provides:
All local governmental entities, whether acting in a governmental or proprietary capacity, shall be liable for damages arising out of their tortious conduct, or the tortious conduct of their past or present officers, employees, or volunteers while performing or in good faith purporting to perform their official duties, to the same extent as if they were a private person or corporation. Filing a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages.
RCW 4.96.010(1) (emphasis added). The second provides:
(1) The provisions of this section apply to claims for damages against all local governmental entities and their officers, employees, or volunteers, acting in such capacity.
(2) The governing body of each local governmental entity shall appoint an agent to receive any claim for damages made under this chapter. The identity of the agent and the address where he or she may be reached during the normal business hours of the local governmental entity are public records and shall be recorded with the auditor of the county in which the entity is located. All claims for damages against a local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, shall be presented to the agent within the applicable period of limitations within which an action must be commenced. The failure of a local governmental entity to comply with the requirements of this section precludes that local governmental entity from raising a defense under this chapter.
(3) All claims for damages arising out of tortious conduct must locate and describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. If the claimant is incapacitated from verifying, presenting, and filing the claim in the time prescribed or if the claimant is a minor, or is a nonresident of the state absent therefrom during the time within which the claim is required to be filed, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant.
(4) No action shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.
RCW 4.96.020 (emphasis added).
¶ 4 In 1993, the Supreme Court decided Wilson. In that case, the question before the court was whether a city of Seattle ordinance, Seattle Municipal Code (SMC) 5.24.005, which required the filing of a notice of claim for money damages with the city prior to commencing any action for damages against the city, was valid. Wilson, 122 Wash.2d at 816-18, 863 P.2d 1336.[1] Seattle contended that its ordinance was authorized by RCW 4.96.010. Wilson, 122 Wash.2d at *1084 818, 863 P.2d 1336.[2] The Supreme Court disagreed, ruling that "RCW 4.96.010 authorizes the filing of a claim for damages arising from tortious conduct as a condition precedent to bringing a suit, but not for other types of damages claims." Wilson, 122 Wash.2d at 822-23, 863 P.2d 1336. The Supreme Court made clear that the sole statutory authorization for local governments to require the filing of claims "is provided by RCW 4.96.010." Wilson, 122 Wash.2d at 821, 863 P.2d 1336. Thus, the court held that
the provision in RCW 4.96.010 authorizing the filing of a claim as a condition precedent for bringing suit for damages from tortious conduct does not apply to a cause of action under RCW 64.40.020. Thus, RCW 4.96.010 does not authorize Seattle to apply SMC 5.24.005 to claims under RCW 64.40.020.
Wilson, 122 Wash.2d at 823, 863 P.2d 1336.
¶ 5 In deciding Wilson, the Supreme Court expressly recognized that the 1993 legislature had amended the claim filing statutes. The court went to great pains to explain that these amendments in no way affected its decision in Wilson.
The Legislature recently amended RCW 4.96.010. Laws of 1993, ch. 449, § 2. . . . The revision to RCW 4.96.010 does not change the language relevant to the issue in this case regarding liability for damages resulting from tortious conduct.
In addition to the above change, the Legislature also amended RCW 4.96 to provide a single, uniform procedure for bringing a claim against a local governmental entity. Laws of 1993, ch. 449, § 1. Previously, claims-filing procedures were scattered among various statutes. . . . All of these procedures have been consolidated into one under RCW 4.96.020. Laws of 1993, ch. 449, § 3.
These 1993 amendments do not affect our analysis in this case.
Wilson, 122 Wash.2d at 819 n. 1, 863 P.2d 1336. Presumably, the Supreme Court believed that it had settled the question.
¶ 6 Eleven years later, however, Division Three revisited this issue, arrived at a contrary conclusion, and held that the 1993 amendments broadened the claim-filing statutes to "encompass[] both tort and breach of contract claims." Harberd, 120 Wash.App. at 512, 84 P.3d 1241.
¶ 7 "Oddly enough, Wilson was not discussed or even cited in the Harberd opinion." 15 Karl B. Tegland, WASHINGTON PRACTICE: CIVIL PROCEDURE § 46.2, at 39 n. 17 (1st ed. Supp.2007). Instead, the Harberd court based its decision on its belief that the 1993 amendments "removed references to `tortious conduct' that appeared in previous versions of the statutes." Harberd, 120 Wash.App. at 511, 84 P.3d 1241 (emphasis added). In fact, only a single reference to "tortious conduct" was removed in the 1993 amendments and this reference was removed from former RCW 4.96.020(2) (1967), not from former RCW 4.96.010 (1967). This is significant because RCW 4.96.020(2) sets out the procedure for filing claims, while it is RCW 4.96.010 that grants to local governments the authority to require the filing of such claims. Wilson, 122 Wash.2d at 820-21, 863 P.2d 1336.
¶ 8 Eleven months later, Division Two of this court cited to Wilson for the proposition that "RCW 4.96.010(1) authorizes claim filing ordinances only for damages arising out of tortious conduct of a local government entity." Burnett v. Tacoma City Light, 124 Wash.App. 550, 558 n. 11, 104 P.3d 677 (2004). Division Two's Burnett decision did not mention Division Three's contrary holding in Harberd.
¶ 9 In 2007, the Supreme Court was heard from again. In Wright v. Terrell, 162 Wash.2d 192, 196, 170 P.3d 570 (2007), the court stated that "[u]nfair labor practice claims under chapter 41.56 RCW are not tort claims for damages and are thus not subject to the claims filing statute." This is a clear indication that the Supreme Court continues to adhere to the conclusion it reached in Wilson.
¶ 10 A similar conclusion was recently reached by the United States District Court *1085 for the Eastern District of Washington. After considering both Wilson and Harberd, the district court concluded that Wilson "is a Washington Supreme Court decision and therefore prevails over the conflicting Court of Appeals' Harberd decision." Columbia Park Golf Course, Inc. v. City of Kennewick, No. CV-07-5054-EFS, 2008 WL 628709, at *4, 2008 U.S. Dist. LEXIS 16370, at *12 (E.D.Wash. Mar. 4, 2008). The district court went on to state that, based on its own interpretation of the statutes, Wilson was not only controlling authority but was also correctly decided. Columbia Park, 2008 WL 628709, at *4, 2008 U.S. Dist. LEXIS 16370, at *12.
In RCW 4.96.010, after specifically referring to "damages arising out of their tortious conduct, or the tortious conduct of their past or present officers . . .," the Legislature opted to use the shorter phrase "filing a claim for damages." This shorter phrase does not change the scope of RCW 4.96.010. Rather, the Legislature simply used a shorter phrase when specifying that the claim for damages caused by tortious conduct must be filed within the time for and prior to commencement of such action  this did not change the character of the conduct causing damage.
RCW 4.96.020 sets forth the procedural steps for filing the claim for damages as defined in RCW 4.96.010. RCW 4.96.020 does not by its use of the phrase "claims for damages" expand the scope of RCW 4.96.010. As used within RCW 4.96.020(1), the phrase "claims for damages" simply states that the "provisions of this section" applies to claims for damages which are explicitly stated as "claims for damages arising out of tortious conduct" in subsections (3) and (4). There is nothing to indicate any claim filing time limits or procedures for any other type of damages  further evidence to this Court that the claim-filing procedures are for "damages arising out of tortious conduct." Also, nothing in RCW 4.96.020(2) changes that. Subsection (2) requires the appointment of an agent to accept such claims and the presentation of such claims to that agent with preclusive effects if the local government entity fails to do so. This legislative amendment alters nothing about the character of the damages as those "arising out of tortious conduct" as defined by RCW 4.96.010(1). Accordingly, the Court finds filing a notice of claim is not a condition precedent to a contract action.
Columbia Park, 2008 WL 628709, at *4-5, 2008 U.S. Dist. LEXIS 16370, at *12-14. We agree.
¶ 11 The City attempts to distinguish Wilson by arguing that the Supreme Court did not therein engage in any in-depth discussion of the implications of the 1993 amendments and that the court's statements regarding the 1993 amendments were dicta because the case was ultimately decided under the pre-amendment statutes. A similar argument was made and rejected in Columbia Park, 2008 WL 628709, at *3, 2008 U.S. Dist. LEXIS 16370, at *9. Moreover, the Supreme Court's statement in Wright v. Terrell is a clear indication that the rule announced in Wilson continues to be adhered to by our highest court.
¶ 12 The City also contends that had the Supreme Court disagreed with Harberd, it would not have denied the petition for review of that decision.[3] A similar argument was also rejected in Columbia Park, 2008 WL 628709, at *1, 2008 U.S. Dist. LEXIS 16370, at *3. Indeed, the Supreme Court's denial of review has never been taken as an expression of the court's implicit acceptance of an appellate court's decision. State v. Rudolph, 141 Wash.App. 59, 67, 168 P.3d 430 (2007); accord In re Estate of Borghi, 141 Wash.App. 294, 301, 169 P.3d 847 (2007) (recognizing that our Supreme Court does not overrule binding precedent sub silentio, and noting that because an appellate court opinion did not mention a contradicting Supreme Court decision, the conflict between the two decisions was not called to the attention of the court, which denied review of the appellate decision).
*1086 ¶ 13 We are not free to ignore controlling Supreme Court authority. 1000 Virginia Ltd. P'ship v. Vertecs Corp., 158 Wash.2d 566, 578, 146 P.3d 423 (2006) ("When the Court of Appeals fails to follow directly controlling authority by this court, it errs."); accord State v. Gore, 101 Wash.2d 481, 487, 681 P.2d 227 (1984) (once the Supreme Court has decided an issue of state law, that interpretation is binding on all lower courts until it is overruled by the Supreme Court); Green v. Normandy Park Riviera Section Cmty. Club, 137 Wash.App. 665, 691-692, 151 P.3d 1038 (2007) (appellate courts are duty-bound to apply a valid statement of Washington law as pronounced by our Supreme Court). Wilson remains controlling authority.[4]
¶ 14 Reversed.
WE CONCUR: COX and LEACH, JJ.
NOTES
[1] At issue was the dismissal of a 1990 complaint against Seattle alleging a "claim under RCW 64.40.020, a statutorily created cause of action for damages to property rights caused by governmental actions in processing permit applications." Wilson, 122 Wash.2d at 816, 863 P.2d 1336.
[2] The immunity of a municipality derives solely from the state as sovereign. Thus, a municipality can assert no immunity not retained by the State. Wilson, 122 Wash.2d at 818, 863 P.2d 1336.
[3] The Supreme Court's denial of the petition for review is noted at Harberd v. City of Kettle Falls, 152 Wash.2d 1025, 101 P.3d 421 (2004).
[4] The City's claim that its charter provision concerning claim filing provides additional authority in support of the trial court's ruling is unavailing. See supra note 2.